**QUEBODEAUX, Appellant,**

v.

**QUEBODEAUX, Appellee.**

[Cite as *Quebodeaux v. Quebodeaux* (1995), 102 Ohio App.3d 502.]

Court of Appeals of Ohio,
Ninth District, Lorain County.

No. 94CA05927.

Decided April 12, 1995.

*James Tassie,* for appellant.
*Jack Bradley,* for appellee.

SLABY, Judge.

Anthony Quebodeaux appeals from a trial court order granting Merry Quebodeaux her motion for relief from judgment. We affirm.

Anthony and Merry sought a dissolution of their eleven-year marriage. The dissolution petition included a separation agreement signed by both parties. This agreement gave custody of the couple's two sons to Anthony and the couple's daughter to Merry. Although Merry's annual income was less than half of Anthony's, the agreement stated that Merry would not receive spousal support. Similarly, the agreement did not require either party to pay child support.

The matter proceeded to a hearing. The trial judge extensively questioned Merry about the terms of the separation agreement. Merry, proceeding *pro se,* stated that she consented to the terms. Despite having "some distinct reservations" about the agreement, the trial judge ordered the dissolution pursuant to the terms specified in the agreement.

About two months later, Merry moved for relief from judgment, alleging that she had entered into the separation agreement while under duress. She further claimed that Anthony had misrepresented his financial status. After a lengthy hearing, the trial court granted Merry's motion. Noting that the relief was being granted pursuant to Civ.R. 60(B)(5), the court found that Merry had not entered into the agreement freely. The court also found that Anthony had failed to report his financial interest in a house. The parties had leased the house for approximately one and one-half years prior to the dissolution. Anthony bought the house after the dissolution petition was filed. The court found that he

received credit for the lease payments, which were made from the parties' joint checking account, against the price of the house.

Anthony appeals, assigning three errors.

### Assignments of Error I and II

"I. The trial court erred to the prejudice of [Anthony] when it permitted Marilyn Zeidner to testify to general aspects of the battered woman syndrome, where there was no testimony from an expert indicating that [Merry] suffered from the syndrome.

"II. The trial court erred and abused its discretion when it granted [Merry's] motion for relief from the separation agreement pursuant to Civ.R. 60(B)(5) and found that [Merry] had been coerced into signing the separation agreement, where [Merry's] testimony regarding abuse was not corroborated and where [Merry] failed to present sufficient evidence as a matter of law that she signed the separation agreement under duress."

In his first two assignments of error, which we combine for purposes of discussion, Anthony argues that the trial court abused its discretion in finding that Merry signed the separation agreement while under duress and by invalidating the agreement on that basis. Anthony contests the admissibility of the hearing testimony of Marilyn Zeidner, an assistant director of a local battered woman shelter. He notes that Zeidner never observed Merry prior to the dissolution and that her testimony concerned only general aspects of battered woman syndrome. He also argues that *State v. Koss* (1990), 49 Ohio St.3d 213, 551 N.E.2d 970, and R.C. 2901.06 limit the admissibility of evidence of battered woman syndrome to criminal proceedings in which the woman seeks to use the syndrome as a defense.

 The Supreme Court of Ohio has stated:

"To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2), or (3), not more than one year after the judgment, order or proceeding was entered or taken." *GTE Automatic Elec., Inc. v. ARC Industries, Inc.* (1976), 47 Ohio St.2d 146, 1 O.O.3d 86, 351 N.E.2d 113, paragraph two of the syllabus.

All three requirements must be met before the motion may be granted. *Rose Chevrolet, Inc. v. Adams* (1988), 36 Ohio St.3d 17, 20, 520 N.E.2d 564. This court reviews a trial court's decision on a Civ.R. 60(B) motion under the abuse of discretion standard. *Strack v. Pelton* (1994), 70 Ohio St.3d 172, 174, 637 N.E.2d

914, 915. "Abuse of discretion" connotes a judgment that is made with an unreasonable, arbitrary, or unconscionable attitude. *Cedar Bay Constr., Inc. v. Fremont* (1990), 50 Ohio St.3d 19, 22, 552 N.E.2d 202, 205–206.

■ In her Civ.R. 60(B) motion, Merry asserted that she signed the separation agreement while under duress. Three elements are necessary to establish duress: first, that one side involuntarily accepted the terms of another; second, that circumstances permitted no other alternative; and third, that the opposite party's coercive acts caused those circumstances. *Blodgett v. Blodgett* (1990), 49 Ohio St.3d 243, 246, 551 N.E.2d 1249, 1251–1252. A separation agreement that is the product of duress will be held to be unenforceable. See *Young v. Young* (1982), 8 Ohio App.3d 52, 54, 8 OBR 56, 57–58, 455 N.E.2d 1360, 1361–1362.

■ We find that the trial court did not abuse its discretion in granting Merry's motion for relief from judgment. The agreement was drafted by Anthony and his attorney. Merry testified that Anthony threatened to take all three of the children from her unless she assented to the agreement:

"Q. Why did you give those answers [indicating consent to the separation agreement] to Judge Basinski?

"A. Because I had to tell him that. I mean, I didn't have any choice but to tell him that.

"Q. Tell us why you are saying that.

"A. Because Tony told me, as long as I signed everything and did what he said, that he would let me keep [their daughter]. And, if I gave him a hard time, that this time he would leave and take his kids with him, and I wouldn't have any of them. And that he would have me declared as unfit."

Merry also testified to repeated acts of actual and threatened abuse by Anthony during the marriage. She repeatedly stated her belief that she had no alternative to signing the agreement, believing that she stood to lose her children otherwise. Based on the foregoing, the trial court did not abuse its discretion in finding that Merry signed the agreement while under duress.

■ We reject Anthony's argument regarding testimony on the battered woman syndrome. The court was not required to find that Merry was suffering from battered woman syndrome as a prerequisite to determining that she was under duress. Indeed, the trial court's journal entry specifically declined to acknowledge Merry as a victim of battered woman syndrome. Accordingly, any error in admitting Zeidner's testimony was harmless.

Anthony's first and second assignments of error are overruled.

### Assignment of Error III

"The trial court erred and abused its discretion when it granted [Merry's] motion for relief from the separation agreement pursuant to Civ.R. 60(B)(5), on the grounds that [Anthony] had an interest in real property as of June 2, 1993, where the evidence established that [Merry] knew of the real property and where the evidence failed to establish the interest in the real property was substantial."

Anthony argues that the trial court abused its discretion in finding that he had concealed marital assets. In the preceding section, we found that the trial court did not abuse its discretion in granting Merry's motion on the ground that she signed the agreement while under duress. Even if we reached a conclusion favorable to Anthony on his third assignment of error, we would still affirm the judgment. Therefore, we need not address this assignment of error. See App.R. 12(A)(1)(c).

Anthony's third assignment of error is overruled.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

QUILLIN, P.J., and REECE, J., concur.