DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Kara Lane appeals the judgment of the Summit County Court of Common pleas denying her motion for relief from judgment. We affirm.
On December 22, 1993, Lane filed a complaint with jury demand against Corporation Information Services, Inc. and Brian Whitaker ("Defendants") alleging sexual harassment, retaliatory discharge, and intentional and negligent infliction of emotional distress. The matter was scheduled for trial. However, on January 10, 1995, the trial court referred the matter to arbitration. On March 8, 1995, the panel of arbitrators filed its report finding in favor of the Defendants. On Monday April 10, 1995, the Summit County Clerk of Courts received Lane's "Notice of Appeal of Arbitration Award" ("notice"). This notice was due on Friday, April 7, 1995, pursuant to Loc.R. 10.17 of the Court of Common Pleas of Summit County. On April 12, 1995, the trial court ordered that the Report and Award of the Arbitrators become the judgment order of the court.
On April 20, 1995, Lane moved the trial court for relief from the judgment pursuant to Civ.R. 60(B). Attached to this motion was Lane's attorney's affidavit. In her affidavit, Lane's attorney stated that she mailed the notice to the clerk of courts on April 5, 1995, believing that the notice would be received and filed by April 7, 1995. On May 12, 1995, Lane appealed the trial court's April 12, 1995 judgment to this court. We affirmed the trial court's decision. Lane v. Corp. Info. Serv., Inc. (Dec. 6, 1995), Summit App. No. 17266, unreported.
In the meantime, on March 26, 1996, Lane moved the trial court for an oral hearing on her Civ.R. 60(B) motion, which was filed on April 20, 1995 and still pending before the trial court. On April 3, 1996, the trial court denied Lane's motion, stating:
 This matter came to be heard upon Plaintiff's motion for oral hearing on motion for relief from judgment. Upon due consideration, this Court finds no new facts, information or circumstances which would entitled the plaintiff to relief.
On May 9, 1997, Lane filed her notice of appeal. On May 13, 1997, the Defendants moved to dismiss the appeal for untimeliness. On May 15, 1997, we ordered Lane to show cause why the appeal should not be dismissed as untimely, as more than a year had passed between date that the order of the trial court was filed and the date that the notice of appeal was filed. On May 16, Lane filed a memorandum in opposition to the Defendants' motion to dismiss the appeal. In her memorandum, Lane argued that her notice of appeal was timely filed because the trial court failed to comply with Civ.R. 58(B), and therefore Lane was entitled to file her notice of appeal within thirty days of the service of the notice of judgment pursuant to App.R. 4. Lane attached a list of docket entries in the case as evidence that no order as to Lane's motion for relief from judgment had been docketed. Lane argued that the trial court's order denying an oral hearing on the motion did not actually dispose of her motion for relief from judgment, or that the order was confusing as to the disposition of the actual Civ.R. 60(B) motion. On May 21, 1997, we denied the Defendants' motion to dismiss the appeal.
Lane's sole assignment of error states:
 THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING PLAINTIFF KARA LANE'S MOTION FOR RELIEF FROM JUDGMENT.
Civ.R. 60 governs relief from judgments or orders and provides in part:
 (B) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud; etc. On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect[.]
We will review a trial court's decision on a motion for relief from judgment under an abuse of discretion standard. Quebodeauxv. Quebodeaux (1995), 102 Ohio App.3d 502, 504. "`Abuse of discretion' connotes a judgment that is made with an unreasonable, arbitrary, or unconscionable attitude" Id. at 505, citing CedarBay Constr., Inc. v. Fremont (1990), 50 Ohio St.3d 19, 22.
Lane argued in her Civ.R. 60(B) motion that her attorney mistakenly believed that the notice would be received by Friday, April 7. She did not argue in her motion before the trial court, as she does in her brief before this court, that her attorney "believed that the notice of appeal was timely filed pursuant to the application of the three day mailing rule of Civil Rule 6(E)." Civ.R. 6(E) provides in part:
 Time: Additional Time After Service by Mail.
Whenever a party has the right or is required to do some act or take some proceedings with a prescribed period after the service of a notice or other paper upon him and the notice is served upon him by mail, three days shall be added to the prescribed period.
This court has already addressed the issue of whether Civ.R. 6(E) extends the time by which a party is required to file a notice of appeal from an arbitration award in Lane v. Corp. Info.Serv., Inc. (Dec. 6, 1995), Summit App. No. 17266, unreported, holding that "[n]othing in Loc.R. 10.17(A)[1] delays the running of the appeal time by the date of service of the report on the parties." Id. at 4. We certified a conflict as to the issue to the Supreme Court of Ohio, but the appeal was dismissed. Lane argues that such certification evidences confusion as to the three day mailing rule and strengthens her assertion of "excusable neglect." However, Lane did not raise the three day mailing rule as an issue by her Civ.R. 60(B) motion before the trial court, and cannot now raise it as an argument in favor of "excusable neglect" for the first time on appeal. "Failure to raise this issue below results in a waiver of the right to assert the issue on appeal."Mark v. Mellott Mfg. Co., Inc. (1995), 106 Ohio App.3d 571, 589.
The trial court's determination that there was no excusable neglect and its denial of Lane's Civ.R. 60(B) motion was not an abuse of discretion. Therefore, Lane's assignment of error is overruled and the judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this court, directing the County of Summit Common Pleas Court to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
QUILLIN, J., P.J. and REECE, J. CONCUR.
[1] Loc.R. 10.17 of the Court of Common Pleas of Summit County provides in part:
 (a) Any party may appeal an award of the Board of Arbitration to the Common Pleas Court of Summit County, if within 30 days after filing of the award with the clerk of Courts, the party does * * * the following:
 (1) Files a Notice of Appeal with the clerk of courts and serves a copy on the adverse party[.]