OPINION
Defendant-appellant Richard G. Cassie appeals the order of the Allen County Court of Common Pleas granting relief under Civ.R. 60(B) to plaintiff-appellee Karen Sue Cassie.
On January 6, 1999, appellee filed a three count complaint in the Allen County Court of Common Pleas against appellant, alleging breach of fiduciary duties, fraud, and breach of contract. All three claims are rooted in appellee's investment in limited partnership units in Gahanna Commons Limited Partnership, an entity of which appellant is general partner. Appellee alleged,inter alia, that the appellant acted as her financial adviser but misrepresented his role in the partnership as well as the financial risk involved in investing in the partnership.
On April 29, 1999, appellant filed a motion for summary judgment on all three claims, and attached documents purporting to show that appellee was aware of both appellant's role in the partnership and the risks of investing in the partnership. Appellee failed to respond to the summary judgment motion. On June 3, 1999, the trial court granted summary judgment in favor of appellant, based on the lack of any disputed issue of fact and also because appellee's claims were apparently time-barred.
 In the instant case, the defendant has affirmatively demonstrated that the plaintiff has no evidence to support her claims. The defendant has presented, through his affidavit, the offering documents (including the Purchaser Questionnaire and Private Placement Memorandum, or PPM) for the Gahanna Commons investment that is the subject of the complaint. The defendant has identified those portions of the record that demonstrate the absence of an issue of material fact regarding plaintiff's allegations of fraud, breach of fiduciary duty and breach of contract.
 In addition, the defendant has demonstrated that the plaintiff's claims are time-barred by the applicable statutes of limitations. (emphasis added)
On June 4, 1999, the following day, appellee filed a Civ.R. 60(B) motion for relief from judgment.
 On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for * * * mistake, inadvertence, surprise or excusable neglect * * *. The motion shall be made within a reasonable time, and * * * not more than one year after the judgment, order or proceeding was entered or taken. A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation.
Civ.R.60(B)(1). In the motion, appellee's counsel asserted that he was vacationing out of state at the time that appellant's motion for summary judgment was filed, and that his secretary was on vacation during the time that the motion was pending. Appellee's counsel also asserted that discovery was not complete at the time appellant's motion was filed "making it impossible for Plaintiff's counsel to adequately and thoroughly respond to Defendant's motion for Summary Judgment." Finally, appellee's counsel stated that a motion for continuance requesting additional time to respond to the summary judgment motion had been prepared, but not yet filed, on the date that the trial court granted summary judgment. Appellee's counsel filed the motion for continuance along with the Civ.R. 60(B) motion.
Later that day, the trial court apparently had an ex parte
discussion with appellee's counsel to discuss the Civ.R. 60(B) motion, and on June 8, the trial court informed appellant that it was granting the motion. Appellant objected, and the court agreed to refrain from granting the motion until appellant had filed a memorandum in opposition. Appellant's memorandum in opposition to Civ.R. 60(B) relief was filed on June 21, 1999.
On the following day, the trial court granted appellee's Civ.R. 60(B) motion and motion for continuance, vacated its June 3, 1999 order granting summary judgment to appellant, and ordered appellee to file a response to appellant's motion for summary judgment by July 1, 1999.[1] The trial court's order granting appellee's Civ.R. 60(B) motion relied primarily on the fact that appellee's counsel had previously prepared a motion for continuance to establish that counsel's neglect was excusable.
 Plaintiff's counsel had a motion for continuance ready. While the Court feels it appropriate to admonish plaintiff's counsel to better manage his and his staff's vacation schedule, the Court finds the neglect excusable under all of the surrounding circumstances.
The trial court also concluded that the appellee's complaint, taken together with the fact that discovery was ongoing at the time the summary judgment motion was decided, was sufficient to create a disputed issue of material fact and therefore alleged a meritorious defense to appellant's summary judgment motion. However, the trial court's Civ.R. 60(B) order did not address its prior holding that appellee's claims were barred by the statute of limitations.
 Plaintiff's complaint contained allegations against defendant, who was apparently deposed on June 1, 1999. The depositions of defendant or Attorney Blair ostensibly support plaintiff's allegations or at least create a genuine issue of material fact to avoid summary judgment. Therefore, the Court determines that plaintiff has alleged a meritorious defense to summary judgment. (footnote omitted; emphasis in original)
Appellant filed notice appealing the trial court's grant of Civ.R. 60(B) relief on June 29, 1999, and now asserts two assignments of error with the trial court's judgment.
 The Allen County Court of Common Pleas erred when it granted appellee's Civ.R. 60(B) motion for relief from judgment when appellee's failing to timely respond to the appellant's motion for summary judgment was not due to excusable neglect.
 The Allen County Court of Common Pleas erred when it granted appellee's Civ.R. 60(B) motion for relief from judgment when appellee failed to demonstrate a meritorious defense to the appellant's motion for summary judgment.
As we find that appellant's second assignment of error is dispositive of this appeal we will address it first. Initially, we note that "Civ.R. 60(B) is a remedial rule to be liberally construed so that the ends of justice may be served." Kay et al.v. Marc Glassman, Inc. (1996), 76 Ohio St.3d 18, 20. Moreover, "the question of whether relief should be granted is addressed to the sound discretion of the trial court." Rose Chevrolet, Inc. v.Adams (1988), 36 Ohio St.3d 17, 20. A trial court's decision to grant relief under Civ.R. 60(B) will not be disturbed by a reviewing court absent an abuse of discretion. See, e.g.,Quebodeaux v. Quebodeaux (1995), 102 Ohio App.3d 502, 504-05.
In GTE Automatic Elec., Inc. v. ARC Industries, Inc. (1976),47 Ohio St.2d 146, the Ohio Supreme Court enunciated a three-part test that Ohio courts use when evaluating motions under Civ.R. 60(B):
 To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken.
Id., paragraph two of the syllabus. In this case, it is unquestioned that appellee's Civ.R. 60(B) motion was timely, satisfying the third prong of the GTE test. However, appellant argues, inter alia, that appellee's Civ.R. 60(B) motion does not allege or demonstrate any "meritorious defense" to appellant's summary judgment motion and therefore fails the first prong of theGTE test. Appellant correctly observes that appellee's motion fails to offer any reason why her claims are not barred under the statute of limitations. Moreover, at the time of the trial court's grant of Civ.R. 60(B) relief the record contained no evidence or even an allegation which could be construed to rebut appellant's statute of limitations arguments. Finally, while the trial court's summary judgment order specifically states that appellee's claims are time-barred, its order granting Civ.R. 60(B) relief entirely fails to address or even mention the applicable statutes of limitations. As a result, the trial court appears to have arbitrarily reversed its judgment as to the statute of limitations issue without explanation or any apparent basis. We believe such a decision constitutes an abuse of discretion.
For the foregoing reasons, appellant's second assignment of error is sustained, and appellant's first assignment of error is dismissed as moot pursuant to App.R. 12(A)(1)(c). The judgment of the Allen County Court of Common Pleas is reversed and remanded for further proceedings in accordance with this opinion.
Judgment reversed and cause remanded.
HADLEY and WALTERS, JJ., concur.
[1] On July 1, 1999, appellee's counsel filed a memorandum in opposition to summary judgment. Appellee also filed an affidavit, in which she alleged that shortly after the death of her husband (appellant's brother), that the appellant became her financial adviser and convinced her to make the investment at issue in this case. The affidavit further alleges facts in support of the claims made in appellee's complaint and purports to raise disputed issues of fact appropriate for trial.