DECISION AND JOURNAL ENTRY
William R. Obuch Jr. and Robert John Obuch[1] appeal the judgment of the Medina County Court of Common Pleas which denied their motion to vacate, and for Civ.R. 60(B) relief from judgment of, an earlier order granting injunctive relief to Appellee, the Liverpool Township Board of Trustees. This Court affirms.
 I.
Appellants' father William R. Obuch Sr. owned property located in Liverpool Township.[2] Appellants have operated a business on the property throughout the course of this litigation. The nature of their business was the repair of automobiles and Appellants kept numerous cars on the property. In 1992 Appellants' father sought a zoning variance which would permit up to six to eight cars to be parked on the property "in the open." The Liverpool Township Board of Zoning Appeals granted the variance. On August 16, 1996, Appellee filed a complaint against William Sr. seeking injunctive relief to prevent him from continuing to park numerous "junk motor vehicle[s]" in violation of both his existing non-conforming use and of Sections 209(A) and (B) of the Liverpool Township Zoning Code.
On October 25, 1996, William Sr., William Jr., and Robert met with members of the Township Board of Trustees. At this meeting, the parties worked out an agreed judgment entry which gave William Sr. sixty days to license the vehicles, remove the vehicles, or store them in a shed yet to be built. On November 25, 1996, the trial court granted the injunction, and ordered that William Sr. "remove or have licensed all unlicensed motor vehicles or in the alternative, have them placed in an enclosed building" within sixty days of October 25, 1996. The court also ordered William Sr. to apply for a building permit for the shed within sixty days. The court also ordered that "the property shall, hereafter be maintained consistently with the [1992] non-conforming use presently existing for the property, which means that there will be no more than 6-8 motor vehicles parked on the property in the open when in the process of being repaired." The order gave the Liverpool Township zoning inspector the right to inspect the property thirty days after the date of the order. It does not appear that the parties were served notice of the order.[3]
On September 23, 1997, Appellee filed a motion for a show cause hearing, asserting that, contrary to the court's order of November 25, 1996, William Sr. had not removed, licensed, or stored all but six to eight of the vehicles on the property. A show cause hearing was held on October 24, 1997. William Sr. was not present but "present in Court to testify on his behalf were his sons William and Robert, and his wife." The court found William Sr. in contempt, fined him $1,000 for the contempt, and granted him thirty days within which to purge himself of the contempt by complying with the original order or by effecting "substantial compliance" with the order. On December 8, Appellee filed another motion for a show cause hearing, alleging that William Sr. had still not complied with the order.
A show cause hearing was held on December 15, and William Sr. was represented by counsel. At the hearing, counsel requested additional time to cure the conditions on the property. In its February 2, 1998 journal entry on the hearing the court granted the extension, stated that William Jr. and Robert agreed to be made parties, and ordered that they be added as defendants.
On January 30, 1998, the sons, as defendants, filed a motion for a hearing, alleging that the original order was vague. They contended that the order prohibited more than eight cars being left "in the open" in violation of the earlier non-conforming use for the property. However, they alleged that an earlier non-conforming use, granted on January 25, 1993, permitted the excess cars to be parked behind a stockade fence. Appellee then filed a motion for yet another show cause hearing. The motion was supported by the zoning inspector's affidavit which stated that Appellants still had more than eight cars parked on the property, "not including those vehicles parked behind the disputed fence area." A hearing was held on May 22, 1998. Without hearing, the court overruled Appellants' January 28 motion for clarification of the order, finding that "any possible question as to [the] scope and intent of its November 25, 1996 order was clarified after hearing in its order of November 20, 1997[.]" The court again found Appellants in contempt, and gave them until May 29, 1998, to "remove from the property involved herein all vehicles outside the stockade fence, except two vehicles used by the operators to travel to and from the site, and one operable tow truck."
On June 10, the Township Board again filed a motion for a show cause hearing, alleging that the Appellants had not yet complied with the May order. On June 15, the Appellants[4]
filed a Motion to Vacate Judgment, pursuant to Civ.R. 60(B), alleging that the trial court had failed to serve William Sr. with notice of the November 25, 1996 judgment entry, in violation of Civ.R. 58(B) and Local Rule 7 of the Common Pleas Court of Medina County, General Division. In their motion, Appellants alleged that no agreement had been reached at the October 25, 1996 meeting concerning the number of cars which could be parked on the property. They further alleged that they had never received a copy of the November 25, 1996 judgment entry which incorporated the agreement, and that they did not know that it was a final appealable order.
The trial court denied Appellants' motion and they filed the instant appeal, assigning as error that (1) the trial court should have granted Appellants' motion to vacate the November 25, 1996 order because none of the defendants were served notice of that judgment; (2) the trial court should have served defendants with notice of that judgment; (3) the trial court erred in finding that Appellants were not entitled to notice; (4) the trial court erred in finding that Appellants voluntarily agreed to submit to the November 25, 1996 order; (5) the trial court erred in finding that the November 25, 1996 order was a memorialization of an earlier agreement between the parties; and (6) the court erred in finding that Appellants were not entitled to relief under Civ.R. 60(B). We have rearranged these assignments of error for ease of discussion.
 II.
Assignment of Error V: The Trial Court erred by finding that the November 25, 1996 Order was the memorialization of an agreement between the parties.
Appellants assert that the judgment entry did not reflect an agreement between the parties reached on October 25, 1996. They maintain that at the October 1996 meeting the parties had different understandings about the number of vehicles that could be maintained on the property. We find this argument to be without merit.
Per the transcript of the meeting, the assistant county prosecutor, who represented the Board of Trustees, opened the meeting by saying "[w]e have an agreed judgment entry that the Defendants [sic] in this case will, within sixty days, remove from the property all junk as defined by the Liverpool Township Zoning Code; will remove or have licensed all the unlicensed motor vehicles, or in the alternative, have them put in an enclosed building. Likewise, all junk motor vehicles will be removed or placed within an enclosed building." He went on to say that William Sr. would seek a building permit to build a shed for the cars, and that no more than six to eight vehicles will be parked on the property "out in the open." There was some discussion off the record, and after a few recorded questions by William Sr., the prosecutor asked, "The settlement is agreeable?" William Sr. nodded, and Appellee's counsel said, "Indicate the Defendant has agreed to that." He asked William Sr. if he would call the zoning inspector within thirty days to permit him to inspect the property. William Sr. agreed to do so. There is nothing on the record to indicate that the defendant had any objection to such an agreement.
The November 25, 1996 judgment entry ordered William Sr. to "remove or have licensed all unlicensed motor vehicles or in the alternative, have them placed in an enclosed building." It ordered him to apply for a building permit for the necessary shed to house the vehicles. It further ordered him to maintain the existing non-conforming use, namely that "there will be no more than 6-8 motor vehicles parked on the property in the open when in the process of being repaired." The court allowed him an extra thirty days for the inspection. This is virtually identical to the statement, made by the assistant prosecutor at the meeting, to which William Sr. agreed. Appellants have offered their own affidavits which contend that there was no discussion at the meeting concerning the number of cars allowed to be parked on the property, except for the prosecutor's recital of the agreement, quoted above. Appellants assert that the defendants objected to this "agreement." However, the transcript of the meeting indicates that there is no truth to this assertion. When asked if he agreed to the terms of the agreement, William Sr., the only defendant in the case at that time, assented. There is no credible evidence to support Appellants' contention that the transcript of the meeting, which the trial court entered almost verbatim into its judgment entry, does not reflect the understanding of the parties.
Appellants' fifth assignment of error is overruled.
 III.
Appellants' Right to Notice
 Assignment of Error II: The Trial Court erred by failing to provide Defendants with proper notice, pursuant to Civ.R. 58(B) and Local Rule 7, of its November 25, [1996] Order.
Civ.R. 58(B) requires that a trial court, through its clerk, serve the parties notice of a judgment and of the date of the judgment. That service should be completed within three days of the judgment. It does not appear that either party was served with notice of the November 25, 1996 judgment entry. Failure of service of a final order delays the running of the time for appeal, under App.R. 4(A).
Local Rule 7 of the Court of Common Pleas of Medina County, General Division, requires the counsel for the party in whose favor a judgment is rendered to prepare the judgment entry and to submit it to opposing counsel for approval or objections. There is no evidence in the record before us that this rule was followed in this case. However, we note that William Sr., who was the sole defendant at the time, was acting pro se.
To the extent the trial court violated these rules, any harm was done to William Sr., who is not a party to this appeal. Appellants were not parties at the time the order was issued, and they were not entitled to notice of the order. Appellants have not shown how failure of service on William Sr. has impacted their rights. We overrule Appellants' second assignment of error.
Assignment of Error IV: The Trial Court erred in denying
 Defendants' Motion to Vacate by finding the Defendants had voluntarily agreed to submit themselves to the November 25, 1996 Order.
The trial court denied Appellants' motion to vacate the November 25, 1996 order, finding that Appellants had voluntarily submitted themselves to the order when they agreed on December 15, 1997, to become parties to the litigation. The journal entry on the December 15, 1997 show cause hearing was journalized on February 2, 1998. That journal entry stated that William Jr. and Robert voluntarily agreed to be added as defendants, and the court therein ordered that they be added as defendants. On January 30, William Jr. and Robert, through counsel, filed a motion for a hearing as "Defendants," thus indicating that the court's journal entry of February 2 accurately reflected their desire to be parties to the case, despite the fact that a final judgment existed in the case. Their motion for a hearing sought clarification of the November 1996 order, further indicating that Appellants fully expected to be bound by that order. If Appellants did not expect to be bound by that order, there would be no need for any clarification of the order, because the order would be ineffective as it applied to them. Thus we find no merit in Appellants' argument that they did not voluntarily agree to be bound by the order. We overrule their fourth assignment of error.
Assignment of Error III: The Trial Court erred in denying
 Defendants' Motion to Vacate by finding the Defendants were not entitled to notice of the Nov. 25, 1996 Order.
We have concluded above that failure of service of the November 1996 order, if it prejudiced anyone, only prejudiced William Sr., who is not an appellant in this matter. Appellants assert that they were denied property rights without due process because they received no notice of the order. For support they cite Atkinson v. Grumman Ohio Corp. (1988), 37 Ohio St.3d 80, where the Ohio Supreme Court found that the right to file an appeal is a property interest of which a litigant may not be deprived without due process. The Court concluded "for due process purposes litigants are entitled to reasonable notice of the trial court's appealable orders * * *." Id. at 85.
However, Atkinson is not applicable to the instant case. Appellants were not parties when the November 1996 order was entered, and thus they were not entitled to notice. By the time Appellants entered the case in February 1998, they were fully aware of the existence of that order. Thus, they could not have been harmed by lack of formal notice from the court. It follows that the trial court appropriately denied Appellants' motion to vacate. We overrule Appellants' third assignment of error.
 IV.
Appellants' Civ.R. 60(B) Motion
Assignment of Error I: The Trial Court erred in denying
 Defendants' Motion to Vacate Judgment, Civ.R. 60(A) and (B)(1)(3) and (5) and Local Rule 7 by refusing to vacate its November 25, 1996 Entry when the record of the Trial Court shows the Trial Court failed to comply with the dictates of
Civ.R. 58(B) and Local Rule 7.
Assignment of Error VI: The Trial Court erred in denying
 Defendants' Motion to Vacate by finding that the Defendants are not entitled to relief under Civ.R. 60(B).
After they voluntarily became parties in the case below, Appellants turned to the trial court for relief from the extant judgment in the case, via their Civ.R. 60(B) motion. Rule 60(B) permits relief from a final order for a variety of reasons. Appellants asserted three grounds justifying relief from judgment. The trial court denied their motion.
"The issue to be decided on an appeal from the denial of a Civ. R. 60 motion for relief from judgment is whether the trial court abused its discretionary authority provided by the rule." In re Karasek (1997), 119 Ohio App.3d 615, 630, quoting Moore v. Emmanuel Family Training Ctr. (1985), 18 Ohio St.3d 64, 66. Abuse of discretion connotes a judgment that is unreasonable, arbitrary or unconscionable. Quebodeaux v. Quebodeaux (1995), 102 Ohio App.3d 502,505.
"To prevail on a motion brought under Civ. R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ. R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ. R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." GTE Automatic Elec. v. ARC Industries (1976), 47 Ohio St.2d 146 at paragraph two of the syllabus. Appellants filed their motion within a reasonable time. We will assume, without deciding, that Appellants have a meritorious claim. The only issue remaining is whether Appellants are entitled to relief.
Appellants claim that they are entitled to relief under the following provisions of the Rule: (1) mistake, inadvertence, surprise or excusable neglect, (3) fraud, misrepresentation or misconduct of the adverse party, and (5) "any other reason justifying relief[.]" Civ.R. 60(B).
Appellants' first assignment of error is based on their Civ.R. 60(B)(1) request for relief. In support of this basis for relief, Appellants point to the failure of the court to serve notice of the November 1996 order. We have already determined that Appellants were not entitled to notice, having come to the case well aware that the final order had been entered. Thus, we find that their first assignment of error is without merit, and we overrule it.
Appellants' Rule 60(B)(3) claim states that the November 1996 order was based upon a misrepresentation by Appellee as to the agreement reached in the October 1996 meeting. However, we have already reviewed the transcript of the meeting and the journal entry and found them to be virtually identical. Thus their Civ.R. 60(B)(3) claim has no merit.
Appellants' last claim is that relief is justified because they were denied the use of their property without due process because they were never served with notice of the November 1996 order. We have already disposed of this issue as being without merit.
Thus, we cannot say that the trial court abused its discretion when it denied Appellants' Civ.R. 60(B) motion for relief from judgment. We overrule Appellants' sixth assignment of error.
 V.
Having overruled Appellants' assignments of error, we affirm the judgment of the trial court.
Judgment affirmed.
 KK
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellants.
Exceptions.
WILLIAM R. BAIRD FOR THE COURT WHITMORE, J.
BATCHELDER, J. CONCUR
[1] The case below initially had one defendant, William R. Obuch, Sr. However, it is clear that William Jr. and Robert voluntarily agreed to be joined as defendants in the litigation below, and were added as defendants on February 2, 1998. In oral argument, counsel for the sons stated that William Sr. is now deceased. There is nothing else in the record before this Court to indicate that this is so.
[2] The initial complaint filed by Appellee identified the location of the property as "6738 Center Road, Valley City, Ohio * * * located within the C-1 District of Liverpool Township." Appellants' appellate brief identifies the location as "6695 State Road, Parma, Ohio * * * which is in Liverpool Township, Medina County, Ohio." Appellee's appellate brief identifies the property as "6695 State Road, Valley City, Ohio * * * in Liverpool Township, Medina County, Ohio." It appears that the initial identification of the property is the correct one.
[3] The order did not include a directive to the clerk of court to serve the parties with notice of the order, nor was such service noted in the record. Numerous orders of the trial court were entered without any notation that the parties had been served with notice of the orders. Several orders included directives to the clerk of courts to serve the parties with notice of the journal entry, but there is no indication that such notice was actually given. From the context of the journal entries, it appears that the parties had notice, but a certificate of service was not part of the trial court record. For example, entries ordering a hearing were followed by a journal entry memorializing the hearing, which noted that the parties were in attendance. Thus, it may be presumed that the parties received some form of notice. However, "[i]n Ohio a court speaks through its journal." State ex rel. Worcester v. Donnellon (1990), 49 Ohio St.3d 117,118. Service must be noted by the clerk, evidencing that notice was provided in accordance with the Rules of Civil Procedure. See Atkinson v. Grumman Ohio Corp. (1988), 37 Ohio St.3d 80 at paragraph two of the syllabus.
[4] After William Jr. and Robert joined as parties in the case, any documents filed on behalf of the defendants in the case below were made on behalf of the sons, not William Sr. That includes both the Civ.R. 60(B) motion and the appeal from its denial. Appellants variously assign as error that the rights of all three defendants below were violated. However, this appeal was brought by only two of the defendants below. Consequently, only those errors which affect Appellants' interests can be considered.