This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Mary Baker, appeals from the decision of the Lorain County Court of Common Pleas, Domestic Relations Division, granting the Civ.R. 60(B) motion to vacate of Appellee, Arthur Baker. We reverse.
Appellee previously appealed to this court on November 29, 2000, C.A. No. 00CA007739, from the trial court's modified order for shared parenting of the parties' child, journalized on October 30, 2000. Also, on November 29, 2000, Appellee moved the trial court to vacate the same order, pursuant to Civ.R. 60(B). Appellee subsequently moved to stay the appeal and remand the case to the trial court for a determination of the pending Civ.R. 60(B) motion. This court granted the motion.
The trial court held a hearing and granted Appellee's Civ.R. 60(B) motion to vacate on February 7, 2001. The trial court vacated its modified order for shared parenting and remanded the matter to the magistrate for a hearing. Appellee moved to voluntarily dismiss C.A. No. 00CA007739. This court granted the motion. Appellant timely appealed the trial court's order of February 7, 2001, raising two assignments of error for review.
 ASSIGNMENT OF ERROR I The trial court erred and abused it's [sic.] discretion in granting [Appellee's] [Civ.R.] 60(B) motion in that [Appellee] failed to establish the requirements under Civil Rule 60(B) thus, improperly placing the burden of proof upon [Appellant].
 In her first assignment of error, Appellant argues that the trial court erred in granting Appellee's motion to vacate, pursuant to Civ.R. 60(B). We agree.
Before addressing the merits of Appellant's claim, we note that a complete review of the record in the present case reveals that Appellant has failed to supply this court with Appellee's Civ.R. 60(B) motion to vacate which the trial court granted, from which Appellant now appeals. We note that the docket and journal entries transmitted to this court from the domestic relations court include only those documents and journal entries filed with the domestic court subsequent to this court's order staying the first appeal and remanding the matter. Thus, the motion in question is not part of the appellate record. It was Appellant's responsibility to provide this court with a complete record for review. Nevertheless, we will address the merits of the alleged error because there is enough in the record to reach the conclusion that the trial court erred in granting the Civ.R. 60(B) motion at issue.
When reviewing a trial court's decision on a Civ.R. 60(B) motion, this court may not overturn the trial court unless its decision constitutes an abuse of discretion. Quebodeaux v. Quebodeaux (1995), 102 Ohio App.3d 502,504. An abuse of discretion "implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219.
Civ.R. 60(B) provides:
 On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment.
 In order to prevail on a motion for relief from judgment under Civ.R. 60(B),
 the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken.
 GTE Automatic Electric v. ARC Industries (1976), 47 Ohio St.2d 146, paragraph two of the syllabus. The moving party must meet all three of the requirements for the motion to be granted. Rose Chevrolet, Inc. v. Adams (1988), 36 Ohio St.3d 17, 20.
In the instant case, the journal entry from which Appellant appeals indicates that on October 30, 2000, the trial court journalized a modified shared parenting plan concerning the allocation of parental rights with regard to the parties' child. Appellant argues that the plan accurately reflected the parties' agreement, while Appellee argues that he did not agree to the terms of the plan.
On February 7, 2001, the trial court granted Appellee's Civ.R. 60(B) motion to vacate the modified parenting plan, finding, in part, that the agreement it journalized was not legally binding because it was "not specifically assented to by the parties, off the record, and not reduced to writing or signed at the time." It stated that the agreement did not meet the necessary requirements for enforceability.
We find that the trial court failed to provide any basis pursuant to Civ.R. 60(B) to support its decision to vacate its prior judgment. The journal entry does not refer to the requirements of Civ.R. 60(B), nor the three elements of GTE, supra. It is unclear whether the trial court considered them. Furthermore, the record before this court fails to support a basis upon which the trial court could have granted Appellee's motion to vacate.
Additionally, in Appellee's brief in support of his Civ.R. 60(B) motion to vacate, filed on February 2, 2001, Appellee argues that there was no enforceable agreement between the parties regarding their parental rights. He contends that because there was no agreement, the trial court erred in journalizing the modified parenting plan. With these arguments Appellee essentially challenged the accuracy of the trial court's decision on the merits. This court notes that Civ.R. 60(B) is not a viable means to attack legal errors made by a trial court. Rather, it permits a court to grant relief when the factual circumstances relating to a judgment are shown to be materially different from the circumstances at the time of the judgment. Mester v. Washington (Oct. 19, 2000), Cuyahoga App. No. 77312, unreported, 2000 Ohio App. LEXIS 4884, at *6-7, citing Kay v. MarcGlassman, Inc. (1996), 76 Ohio St.3d 18. Civ.R. 60(B) cannot be utilized as a substitute for an appeal from a judgment to correct errors in the rendition of the judgment.
In Doe v. Trumbull Cty. Children Services Bd. (1986), 28 Ohio St.3d 128, the Ohio Supreme Court held that a party may not utilize a motion filed under Civ.R. 60(B) as a substitute for a timely perfected appeal. Id. at paragraph two of the syllabus. Essentially, it appears that is what Appellee sought through his Civ.R. 60(B) motion. Appellee had the opportunity to appeal the trial court's decision, but instead, moved to stay his appeal in order to allow the court to rule on the motion at issue. Accordingly, Appellee's attempt to use Civ.R. 60(B) in lieu of an appeal, was inappropriate.
Appellant's first assignment of error is sustained.
 ASSIGNMENT OF ERROR II The trial court erred and abused it's [sic.] discretion by failing to uphold the parties' settlement agreement of August 15, 2000, when the court granted [Appellee's] [Civ.R.] 60(B) motion to vacate the modified order for shared parenting of October 30, 2000, thus the trial court's decision was against the manifest weight of the evidence.
 In her second assignment of error, Appellant contends that the trial court's decision granting Appellee's motion to vacate and, thereby, failing to uphold the parties' settlement agreement was against the manifest weight of the evidence.
In light of our determination that the trial court improperly granted Appellee's Civ.R. 60(B) motion to vacate, we need not address this assignment of error.
Appellant's first assignment of error is sustained. Appellant's second assignment of error is not addressed. The judgment of the trial court is reversed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellee.
Exceptions.
 ____________________________ LYNN C. SLABY
BATCHELDER, P.J., BAIRD, J. CONCUR.