[Cite as *HSBC Mtge. Servs., Inc. v. Abbott*, 2011-Ohio-3032.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| HSBC MORTGAGE SERVIES, INC. | JUDGES: |
| | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | Hon. William B. Hoffman, J. |
| | Hon. Julie A. Edwards, J. |
| -vs- | |
| | Case No. 10-CA-129 |
| CHARLES ABBOTT | |
| Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDING:       Appeal from the Licking County Court of Common Pleas, Case No. 10-CV-725

JUDGMENT:       Affirmed

DATE OF JUDGMENT ENTRY:       June 20, 2011

APPEARANCES:

For Plaintiff-Appellee       For Defendant-Appellant

JASON A. WHITACRE       BRIAN K. DUNCAN
LAURA C. INFANTE       Duncan Simonette, Inc.
KATHRYN M. EYSTER       580 South High Street, Suite 100
The Law Offices of       Columubus, Ohio 43215
John D. Clunk, Co., L.P.A.
4500 Courthouse Blvd., Ste. 400
Stow, Ohio 44224

*Hoffman, J.*

{¶1} Defendant-appellant Charles Abbott appeals the October 19, 2010 Judgment Entry entered by the Licking County Court of Common Pleas denying his motion to vacate the entry of default judgment against him and in favor of Plaintiff-appellee HSBC Mortgage Services, Inc.

STATEMENT OF THE CASE

{¶2} On August 25, 2005, Appellant executed an adjustable rate note in favor of Popular Financial Services, LLC, and a mortgage in favor of Mortgage Electronic Registration Systems, Inc. HSBC received an assignment of the note and mortgage, recorded May 7, 2010.

{¶3} On May 6, 2010, Appellee filed a complaint in foreclosure in the Licking County Court of Common Pleas against Appellant. Service was issued on all parties the same day. Appellant was personally served by private process server on May 10, 2010. HSBC moved the trial court for default judgment on June 10, 2010.

{¶4} The trial court entered default judgment in favor of HSBC via Judgment Entry on June 21, 2010. On July 1, 2010, Bank of New York filed its Praecipe for Order of Sale with the Court. A Sheriff's Sale of the property was to be held on November 5, 2010.

{¶5} On September 17, 2010, Appellant filed a motion to vacate the default judgment, motion to stay execution, request for mediation and motion for leave to file an answer out of time, alleging his failure to file an answer was the result of excusable neglect.

{¶6} On September 29, 2010, HSBC opposed the motion. On October 18, 2010, the trial court conducted an oral hearing on Appellant's motion. No transcript was made a part of the record in this appeal.

{¶7} Via Judgment Entry of October 19, 2010, the trial court denied Appellant's motion to vacate the default judgment.

{¶8} Appellant now appeals, assigning as error:

{¶9} "I. THE TRIAL COURT ERRED WHEN IT FAILED TO VACATE ITS JUNE 21, 2010 JUDGMENT ENTRY BASED ON CIV.R. 60(B)(5) AND/OR CIV.R. 60(B)(1)."

{¶10} Ohio Civil Rule 60(B) reads,

{¶11} "**(B) Mistakes; inadvertence; excusable neglect; newly discovered evidence; fraud; etc**

{¶12} "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or

taken. A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation.

{¶13} "The procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules."

{¶14} The moving party must demonstrate he is entitled to relief on one of the grounds set forth in Civil Rule 60(B)(1) through (5), that he has a meritorious defense, and the motion is made within a reasonable time. *GTE Automatic Electric, Inc.* v. *Arc Industries, Inc.* (1976), 47 Ohio St.2d 146. These requirements are independent and in conjunctive; thus, the test is not fulfilled if any one of the requirements is not met. Id. Further, the movant must establish the above requirements by operative facts presented in a form that meets evidentiary standards such as affidavits, depositions, transcripts of evidence, written stipulations or other evidence given under oath. *East Ohio Gas Co. v. Walker* (1978), 59 Ohio App. 2d 216.

{¶15} On appeal, the proper standard of review of a trial court's decision on a Civil Rule 60(B) motion is abuse of discretion. *Strack v. Pelton* (1994), 70 Ohio St.3d 172; *Quebodeaux v. Quebodeaux* (1995), 102 Ohio App.3d 502.

{¶16} As set forth in the statement of the case, supra, Appellant has not provided this Court with a transcript of the proceedings before the trial court on October 18, 2010, at which time the trial court conducted a hearing on Appellant's motion to vacate. Ohio Appellate Rule 9 states,

{¶17} **"(B) The transcript of proceedings; duty of appellant to order; notice to appellee if partial transcript is ordered**

**{¶18}** "At the time of filing the notice of appeal the appellant, in writing, shall order from the reporter a complete transcript or a transcript of the parts of the proceedings not already on file as the appellant considers necessary for inclusion in the record and file a copy of the order with the clerk. The reporter is the person appointed by the court to transcribe the proceedings for the trial court whether by stenographic, phonogramic, or photographic means, by the use of audio electronic recording devices, or by the use of video recording systems. If there is no officially appointed reporter, App.R. 9(C) or 9(D) may be utilized. If the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the weight of the evidence, the appellant shall include in the record a transcript of all evidence relevant to the findings or conclusion."

**{¶19}** Appellant bears the burden of showing error by reference to matters in the record. *Knapp v. Edwards Laboratories* (1980), 61 Ohio St.2d 197; *State v. Prince* (1991), 71 Ohio App.3d 694. An appellate court can reach its decision only upon facts which are adduced in the trial court's proceeding and cannot base its decision on allegations founded upon facts from outside of the record. *Merillat v. Fulton Cty. Bd. Of Commrs.* (1991), 73 Ohio App.3d 459.

**{¶20}** When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." *Knapp,* supra.

**{¶21}** Because Appellant has failed to provide this Court with a transcript of the October 18, 2010 hearing, we presume the validity of the lower court's proceedings.

{¶22} The October 19, 2010 Judgment Entry of the Licking County Court of Common Pleas is affirmed.

By: Hoffman, J.

Gwin, P.J.  and

Edwards, J. concur

s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ W. Scott Gwin_____
HON. W. SCOTT GWIN


s/ Julie A. Edwards_____
HON. JULIE A. EDWARDS

IN THE COURT OF APPEALS FOR LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT


HSBC MORTGAGE SERVIES, INC.          :
                                     :
    Plaintiff-Appellee               :
                                     :
-vs-                                 :          JUDGMENT ENTRY
                                     :
CHARLES ABBOTT                       :
                                     :
    Defendant-Appellant              :          Case No. 10-CA-129


For the reason stated in our accompanying Opinion, the judgment of the Licking County Court of Common Pleas is affirmed.  Costs to Appellant.


s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ W. Scott Gwin _____
HON. W. SCOTT GWIN


s/ Julie A. Edwards_____
HON. JULIE A. EDWARDS