### JEFFORDS et v JOHN HANCOCK MUTUAL LIFE INS CO et

Ohio Appeals, 2nd Dist, Montgomery Co

No 1306. Decided March 22, 1935

Kelly & Knee, Dayton, for Thomas H. Wick, Trustee.

Heald, Zimmerman, Clark & Machle, Dayton, for appellee, Martha Louise Jeffords.

### OPINION

**By THE COURT**

This cause is submitted on the application of counsel for Thomas H. Wick, trustee for Otto E. Ford, an insane person.

The application presents no new question. Counsel again stress and urge upon the court the distinction which was made in former briefs between a voidable and void act. the contention now and at all times being that the act of Mrs. Ford in changing her beneficiary, though made under duress, was but a voidable act and not a void act. We gave consideration to the question presented, and said:

"There are cases wherein the distinction between void and voidable acts is vital to a determination of the question presented. Under the facts in the instant case we believe that the differentiation is without helpful effect. * * * In this case, when it is established by the record that duress caused Julia Ford to act against her volition and change her beneficiary then, unless and until this compulsion was removed, the act remained her involuntary deed and could not be permitted to effectuate that which, on the face of the policy, it accomplished."

We meant to say by that language that the duress under which the change in beneficiary was made was continuing and acted as a potent and controlling force until the death of Mrs Ford. If the husband had placed his wife in a room and told her that he would shoot her if she did not make the change in beneficiary in the insurance policy. and gave her the insurance policy and she made the change, left the room, the next day he shot her, if the compulsion was continuing, we do not believe it would be contended that the change in beneficiary was effective. The only difference between this illustration and the facts in the present case, as we interpret them, is that in the instant case the compulsion continued over a longer period of time.

Our theory is in no sense novel.

We have not had time to pursue the question at any great length, but find in Meyer v Guardian Trust Co., an annotation, 35 A. L.R., beginning at page 866. Therein are cited many cases upon the general proposition, "Ratification of contract voidable for duress." Among them are the following:

"In A. H. Averill Machinery Co. v Taylor, (Mont.) 223 Pac., 918, the court declared the general rule to be that, to constitute an affirmance of a contract voidable for duress, the conduct of the injured party must be such as to indicate an intention to condone the wrong and a purpose to abide by its consequences, and the influence of the menace must be removed before the conduct becomes voluntary.

"In Hall v Bollen, (Ky.) 145 SW 1136, 'It is a well settled rule that where it is sought to avoid a contract because of duress, the person seeking such avoidance must proceed within a reasonable time after the removal of the duress'." (Emphasis ours.)

"While a contract voidable for duress may be ratified, either by express consent, or by conduct inconsistent with any other hypothesis than that of approval, still the intention to ratify is an essential element, and is at the foundation of the doctrine of waiver or ratification. Kennedy v Roberts, (Ia.) 75 NW 363."

"In St. Louis & S. F. R. Co. v Gorman, (Kan.) 100 Pac. 647: 'It is undisputed law that a party may not voluntarily act upon a contract which he has been constrained to sign, and voluntarily take the benefit of it, and then avoid it for duress. The rules applicable to the rescission of contracts on the ground of fraud apply. But things done in apparent recognition of the contract, while the pressure of the hardship which overcomes the mind continues will not amount to an affirmance. The influence of the duress must be removed before conduct becomes voluntary, and, after that, acts charged as constituting a confirmation must be such as to indicate an intention to condone the wrong and a purpose to abide the consequences.' To the same effect, see Bryant v Levy (La.) 28 So. 191."

While these cases are not parallel in facts, they well establish the principle.

We appreciate that counsel is quite confident that because the act of Mrs Ford was voidable when she died without affirmatively setting aside the change in beneficiary, it was an effective act, and bound the company to pay according to the written terms of the insurance contract.

We have been unable to come to this conclusion. The application for rehearing will, therefore, be overruled.

KUNKLE, PJ, BARNES and HORNBECK, JJ, concur.