NELLIS, APPELLEE, *v.* NELLIS, APPELLANT, ET AL.

(No. 4814—Decided January 24, 1955.)

*Mr. Clarence J. Applegate,* for appellee.

*Messrs. Ohlinger, Koles, Wolf & Flues,* for appellant.

DEEDS, J. This is an appeal on questions of law from a judgment of the Court of Common Pleas, Division of Domestic Relations, of Lucas County.

The cause is presented to this court for a review upon a transcript of the record and proceedings had in the Court of Common Pleas, Division of Domestic Relations, bill of exceptions, and the briefs and oral arguments of counsel for the parties respectively.

The parties will be referred to herein as they appeared in the trial court, the plaintiff-appellee as the plaintiff, and the defendant-appellant as the defendant.

The defendant has filed in this court his assignment of errors as follows:

"The trial court erred in amending and modifying the agreement of separation voluntarily entered into between the parties hereto by and with the advice of their respective attorneys without any evidence of fraud, coercion, failure to disclose or other evidence violating the confidential relationship of husband and wife, as set forth in Section 3103.05 of the Revised Code of Ohio."

The action was instituted in the Court of Common Pleas, Division of Domestic Relations, as a suit for divorce and alimony by the filing of a petition in which the plaintiff alleged, in substance, the residence of the plaintiff, the marriage of the parties, that defendant had been guilty of extreme cruelty and gross neglect of duty toward plaintiff, a description of the real estate and personal property owned by the parties, and other allegations not pertinent to a decision on this appeal relating to the employer of the defendant and a certain bank in which certain funds of the parties were on deposit, although both the employer and the bank were also parties defendant in the action.

The pertinent part of the prayer of the petition was for a divorce, alimony, temporary and permanent, or a division of the property involved and owned by the parties, and "such other and further relief as is fair and equitable in the premises."

The defendant filed his answer to the petition and also his cross-petition, in which answer he admitted the legal residence of the plaintiff, the marriage of the parties, and generally his property and income as al-

leged by the plaintiff, but denied that he had been guilty of cruelty or gross neglect of duty toward the plaintiff.

In his cross-petition, omitting the formal allegations, the defendant charged the plaintiff with having been guilty of gross neglect of duty, and by the prayer asked that the petition of the plaintiff be dismissed, that defendant be granted a divorce, that an equitable division of the property be made, and "for any and all other relief to which he may be entitled in the premises."

It appears from the journal entry recording the judgment of the trial court here for review, in reference to the answer and cross-petition of the defendant, "that said defendant has filed an answer and cross-petition in this action and has requested that said answer and cross-petition be withdrawn, and the same is hereby ordered withdrawn."

By the judgment of the Court of Common Pleas, Division of Domestic Relations, the plaintiff is granted a divorce, and reference is made in the judgment entry to a certain property settlement and alimony agreement as follows:

"It is further ordered, adjudged and decreed that the agreement between the parties hereto be, and the same is hereby approved as modified by the judgment and decree of this court, and the same is hereby attached, marked 'Exhibit A,' incorporated herein and made a part of this decree the same as if fully re-written."

It further appears from the judgment decree as follows:

"It is further ordered, adjudged and decreed that in addition to the provision made for plaintiff in the agreement of the parties that the defendant, Albert J. Nellis, pay to the plaintiff the sum of $25 for her sup-

port and maintenance each and every week hereafter, commencing June 2, 1954, and that such payments continue until the further order of the court, and the court retains jurisdiction to modify, alter or change that part of this judgment and decree by which the defendant Albert J. Nellis is required to pay for the support and maintenance of the plaintiff, Susanne Marie Nellis, in such way as the court may consider just and proper and at any time hereafter.''

A motion for a new trial filed by the defendant was overruled by the court.

This court considers as being significant and determinative of this appeal the lack of any allegation or reference in either the petition of the plaintiff, the prayer of the petition, or in the answer and cross-petition of the defendant, including the prayer of the cross-petition, relating in any way to the executed agreement between the parties appearing in the record as exhibit A, attached to and made a part of the decree or judgment now before this court for review, in which contract the parties made a division of their property and settled finally, by mutual agreement, all property and alimony rights or claims for support existing between them.

It is an elementary proposition that the issues in a cause are made and presented for determination by the pleadings filed in the case. Since there was no allegation made or issue raised or tendered by the petition involving the validity of the contract of settlement between the parties, the defendant was not apprised legally of the claim and the court was, therefore, without authority to modify such contract when the issue of validity had not been raised by the pleadings. It is also significant in our view that the property division and alimony settlement contract entered into between the parties after their separation and during

the pendency of the action for a divorce and alimony, referred to as exhibit A and made a part of the decree, contained a provision as follows:

"9. It is further agreed and understood by and between the parties hereto that in the event a divorce is granted to either party hereto in cause No. 39760 which is now pending in the Court of Common Pleas of Lucas County, Ohio, Division of Domestic Relations, or in any action which may hereafter be commenced, that this agreement shall be submitted to the court hearing such action and that the same may be incorporated in and made a part of the decree for divorce, and that said Susanne Marie Nellis will make no claim for alimony, support, court costs or attorney fees in such action, other than as provided for in this agreement."

The pertinent provisions of law in this state which authorized and controlled the parties in entering into a valid and binding contract respecting their property rights and claims for alimony or support are as follows:

Section 3103.05, Revised Code (Section 8002-5, General Code). "A husband or wife may enter into an engagement or transaction with the other, or with any other person, which either might if unmarried; subject, in transactions between themselves, to the general rules which control the actions of persons occupying confidential relations with each other."

Section 3103.06, Revised Code (Section 8002-6, General Code). "A husband and wife cannot, by any contract with each other, alter their legal relations, except 'hat they may agree to an immediate separation and make provisions for the support of either of them and their children during the separation."

In considering the judgment of the Court of Common Pleas in modifying the contract between the par-

ties in the cause before us, a statement appearing in the opinion in the decision of the Supreme Court in the case of *Meyer* v. *Meyer,* 153 Ohio St., 408, 415, 416, 91 N. E. (2d), 892, is pertinent, and, in our view, controlling in a decision on this appeal, as follows:

"Section 8000 limits the power of husband and wife to make a contract altering their legal relations. *Dubois* v. *Coen, Exr.,* 100 Ohio St., 17, 125 N. E., 121. However, it recognizes their power to make a contract in certain instances. Thus, on separation, they may enter into an agreement mutually releasing their respective rights to dower and distributive shares and releasing each other from claims of care, support or maintenance. *Hoagland* v. *Hoagland,* 113 Ohio St., 228, 148 N. E., 585. See, also, *Mendelson* v. *Mendelson,* 123 Ohio St., 11, 173 N. E., 615. It follows that a separation agreement, such as involved in the instant case, is not void by reason of the foregoing statutory provisions.

"Where a party to such an agreement elects to avoid it, on the ground of fraud or what may have the same effect (a violation of 'the general rules which control the actions of persons occupying confidential relations with each other' referred to in Section 7999, General Code), such party necessarily asks for and seeks equitable relief from the provisions of the agreement. See *Hoagland* v. *Hoagland, supra,* 240. Thus, it cannot be said that the separation agreement is unenforcible until a court has determined that it is fair as between the parties. Rather, it must be said that the agreement is enforcible until a court has determined that it is not fair as between the parties. While a party will be aided in securing such a determination by the words at the end of Section 7999, General Code, such party must ask for and seek equitable relief in order to secure such a determination."

It should be noted that Sections 7999 and 8000, General Code, were repealed by the Legislature and re-enacted as Sections 8002-5 and 8002-6, respectively, in identical language, effective August 28, 1951.

Also, a further statement appearing in the opinion in the *Meyer case, supra,* at page 415, is pertinent and applicable, in our view, to the evidence and contract in the record before us, as follows:

"On the record in the instant case, there is no basis for considering the separation agreement void on what has sometimes been referred to as 'fraud in the *factum.*' See *Picklesimer* v. *Baltimore & O. Rd. Co.,* 151 Ohio St., 1, 3, 84 N. E. (2d), 214."

We, therefore, hold that the contract involved in the cause now before us was binding and enforcible between the parties to the action until it had been determined upon proof in support of proper allegations in a pleading that by reason of either fraud or mistake or a violation of "the general rules which control the actions of persons occupying confidential relations with each other" it was not valid and enforcible.

Since it is clear that no claim was made by the plaintiff in her petition that the contract was invalid upon any ground, the defendant was not apprised legally that such claim would be asserted and was, therefore, deprived of the opportunity for a fair trial upon that issue, which issue could be raised only by a proper pleading.

*Hoagland* v. *Hoagland,* 113 Ohio St., 228, 148 N. E., 585; *Mendelson* v. *Mendelson,* 123 Ohio St.. 11, 173 N. E., 615; *Meyer* v. *Meyer, supra.*

There was an abundance of evidence which warranted the granting of the divorce to the plaintiff, and the judgment for a divorce will, therefore, be affirmed.

This court is not required on this appeal to, and does not, pass upon the question as to the sufficiency of

the evidence to show a violation of "the general rules which control the actions of persons occupying confidential relations with each other" referred to in Section 8002-5, General Code, now Section 3103.05, Revised Code.

We do find, however, for the reasons stated that the Court of Common Pleas, Division of Domestic Relations, erred in its judgment in modifying the contract involved in the cause before us and, also, in its ruling in denying defendant's motion for a new trial. Therefore, the judgment of the Court of Common Pleas, Division of Domestic Relations, is reversed and the cause remanded to that court for further proceedings and a new trial in accord with the rules of law stated and to which reference is made in this opinion.

*Judgment affirmed in part and reversed in part and cause remanded.*

FESS and CONN, JJ., concur.