YOUNG, APPELLEE, *v.*
YOUNG, APPELLANT.

(No. 82AP-226—Decided December 16, 1982.)

*Mr. David Riebel* and *Ms. Suzanne D. Walker,* for appellee Barbara O. Young.

*Burman & Robinson Co., L.P.A., Mr. Randal D. Robinson* and *Mr. W. Ronald Beaver,* for appellant Michael J. Young.

McCORMAC, J. The parties were married in Columbus, Ohio, on January 23, 1960. In 1979, plaintiff-appellee, Barbara Young, filed a complaint for a divorce against defendant-appellant, Michael Young, which action was dismissed on December 7, 1979, when the parties entered into a separation agreement while represented by counsel. The separation agreement provided, *inter alia,* that it would be the agreement adopted by the court in the event of a divorce. It provided for a distribution of all property rights of the parties and that neither party would file a complaint for divorce prior to March 1, 1981.

This action for divorce was commenced by plaintiff in September 1980 and a divorce was granted to both parties on February 22, 1982. The trial court refused to incorporate the separation agreement into the decree, finding it to be "unenforceable and voidable, having been executed by plaintiff while under duress, and plaintiff having been subjected to undue influence by defendant." The trial court ordered an equal division of the property.

Defendant has appealed, asserting the following assignments of error (labeled "Argument"):

"I. The court erred in invalidating the separation agreement entered into between the parties, and refusing to incorporate its agreed upon provision in any judgment decree of divorce.

"II. The trial court's decision is against the manifest weight of the evidence and is contrary to law."

The assignments of error are combined for discussion, as they are interrelated.

The first issue is the binding effect of a separation agreement voluntarily entered into by competent parties.

A contract between a husband and wife in contemplation of separation, where it is agreed that its provisions will be incorporated into a divorce decree if granted in the future, is binding and enforceable unless declared invalid and unenforceable either by reason of fraud or mistake, or by reason of "the general rules which control the actions of persons occupying confidential relations with each other" as provided by R.C. 3103.05. *Nellis* v. *Nellis* (1955), 98 Ohio App. 247 [57 O.O. 281].

The trial court found that the separation agreement should not be enforced because it was signed by plaintiff while under duress and undue influence. Defendant asserts that there was not sufficient evidence to support the finding of duress and undue influence by defendant over plaintiff in the execution of the separation agreement.

The trial court, as finder of the fact, was entitled to weigh the evidence and to determine the credibility of the witnesses. Its findings of fact will not be disturbed by a reviewing court where reasonable men might honestly differ.

There was a substantial dispute of testimony as to the relationship between the parties during the time of their marriage and during their separation prior to execution of the separation agreement. Plaintiff testified at length as to defendant's domination over her during these periods. She testified to being afraid of him and of his threatening to kill her. She also testified as to his threats to humiliate her and her employer by false testimony about their relationship. According to her, as a result of the accumulation of these influences, she signed the separation agreement against advice of her counsel. There was some corroboration of defendant's harassment of her and his domination of her, both during the marriage and during their separation.

Defendant denied that he dominated

his wife and denied most of the threats against her. His testimony was corroborated in part by evidence of independent acts by his wife during their marriage and during the separation, part of which was contrary to his wishes. There was also evidence to impeach plaintiff by her statement in a deposition that her attorney had advised her to sign the separation agreement. Plaintiff claimed at trial that her statement in the deposition was incorrect and that she was extremely upset at the time the deposition was taken. Her attorney did not testify. There was also some evidence that a certified public accountant had assisted her attorney in evaluating the property prior to her entering into the separation agreement.

Two witnesses testified to defendant's poor reputation for truth.

There was a four-day trial before the court, during which time the court had an opportunity to observe all the witnesses and to determine their credibility. Much of the testimony was in dispute and required a determination by the trial court as to whether the plaintiff or defendant was more credible. Obviously, the trial court chose to believe plaintiff's version of the nature of the marital relationship, and that defendant's coercion and threats had caused plaintiff to execute the separation agreement despite the fact that she had engaged counsel of her choice. There was sufficient evidence to justify finding the separation agreement to be unenforceable because of duress and undue influence.

As previously stated, a contract between a husband and wife dividing their properties in contemplation of separation will be held to be unenforceable if it was a product of duress or undue influence. Threats of bodily harm made by a husband to his wife in order to induce a particular course of action constitute duress, *Jeffords* v. *John Hancock Mutual Ins. Co.* (App. 1935), 19 Ohio Law Abs. 701, as does a threat to give false testimony which would bring humiliation, embarrassment and disgrace upon the wife or her friend, if her will is so overcome as to cause her to perform an act that she was not legally bound to do. *Tallmadge* v. *Robinson* (1952), 158 Ohio St. 333 [49 O.O.206].

Even though a wife of twenty years has employed an attorney to represent her in relation to a separation agreement and a settlement of the parties' property, the duress and influence exerted by her husband over many years and, in particular, in relation to forcing an agreement of the division of property that is beneficial to him, may be sufficient to overcome the advice of an attorney to the contrary. In this instance, plaintiff's testimony was that she did not follow the advice of her attorney because of fears caused by the continuing duress, threats and undue influence exerted against her by her husband. The trial court found that plaintiff was telling the truth when she testified that her attorney had advised her not to sign the separation agreement. It was a marriage of twenty years and all of the property had been accumulated during the marriage. Defendant would receive substantially more property than plaintiff under the terms of the separation agreement. The trial court's finding that plaintiff rejected her attorney's advice not to sign the agreement because of defendant's duress and undue influence is supported by the evidence, although the opposite finding could well have been made.

Finally, in relation to duress and undue influence, it is asserted that these matters are affirmative defenses that must be pleaded and that they were not so pleaded.

Defendant set up the separation agreement in his amended answer and counterclaim which was admitted in plaintiff's reply, except that plaintiff stated that there had been a failure of consideration for the whole agreement. Technically, duress and undue influence should probably have been asserted as affirma-

tive defenses pursuant to Civ. R. 8(C) in reply to defendant's request to enforce the separation agreement as part of his counterclaim for divorce. However, duress and undue influence were tried as issues in the case without objection by defendant. Civ. R. 15(B) provides, as pertinent, as follows:

"When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment. Failure to amend as provided herein does not affect the result of the trial of these issues. * * *"

Had the pleading issue been raised at trial, Civ. R. 15 provides that the court may allow the pleadings to be freely amended to subserve the presentation of the merits of the actions and that a continuance, if necessary, may be granted to enable the objecting party to meet such evidence. It appears from the record that all of the witnesses necessary for determination of these issues were available and testified and that there was no need for a continuance, nor was one requested.

Defendant's assignments of error are overruled and the judgment of the trial court is affirmed.

*Judgment affirmed.*

REILLY and MARKUS, JJ., concur.

MARKUS, J., of the Eighth Appellate District, sitting by assignment in the Tenth Appellate District.