OPINION
{¶ 1} Defendant-appellant, Paul W. Lee, appeals from a judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, which granted a divorce to plaintiff-appellee, Juliana Brooks-Lee. For the following reasons, we affirm.
 {¶ 2} Plaintiff and defendant were married in November 1993. Two sons were born as issue of the marriage. In early March 2001, plaintiff and defendant separated. Following their separation, the parties participated in marital therapy and mediation. In May 2001, the parties executed a separation agreement. About one month later, plaintiff filed a complaint for divorce. Upon defendant's motion, a guardian ad litem was later appointed for the parties' children.
 {¶ 3} In November 2002, defendant filed a bankruptcy petition under Chapter 13 of the United States Bankruptcy Code, Sections 101 et seq., Title 11 U.S. Code, and served notice upon the trial court. See, generally, Section 362, Title 11, U.S. Code (providing for automatic stay after filing of bankruptcy petition). Later, in January 2003, upon plaintiff's motion, the bankruptcy court ordered relief from the bankruptcy stay for domestic relations purposes.
 {¶ 4} Thereafter, in April 2003, the trial court conducted a hearing to consider the enforceability of the parties' separation agreement after defendant challenged the validity of the agreement. On July 11, 2003, the trial court rendered a decision, wherein it concluded that the parties' separation agreement was enforceable and adopted and approved it. On July 25, 2003, after the trial court rendered a decision but before it issued its final judgment, defendant filed a bankruptcy petition under Chapter 7 of the United States Bankruptcy Code, Sections 101, et seq., Title 11, U.S. Code, and served notice upon the trial court. See, generally, Section 362, Title 11, U.S. Code (automatic stay after filing of bankruptcy petition).
 {¶ 5} Subsequently, on September 24, 2003, the bankruptcy court granted relief from the bankruptcy stay that was initiated by defendant's second bankruptcy petition. About one month later, on October 21, 2003, the trial court rendered judgment, wherein it granted plaintiff's complaint for divorce. From the trial court's judgment, defendant appeals. Defendant asserts ten assignments of error for our consideration:
Assignment of Error Number One:
The trial court erred when it denied defendant's request for a continuance.
Assignment of Error Number Two:
The trial court erred when it found the separation agreement enforceable without sufficient evidence.
Assignment of Error Number Three:
The trial court erred when it used the standard of "duress" in determining the enforceability of the separation agreement.
Assignment of Error Number Four:
The trial court erred when it placed the burden of proving enforceability of the separation agreement on the defendant.
Assignment of Error Number Five:
The trial court erred when it admitted evidence contrary to O.R.C.2317.02 Privileged communications and acts.
Assignment of Error Number Six:
The trial court erred when it admitted evidence contrary to O.R.C.2317.023 mediation communications privileged.
Assignment of Error Number Seven:
The trial court erred when it failed to consider the best interest of the children in deciding to enforce the separation agreement.
Assignment of Error Number Eight:
The trial court erred when it granted a decree of divorce without sufficient evidence.
Assignment of Error Number Nine:
The trial court erred when it granted a decree of divorce without compliance with civil rule 75(M).
Assignment of Error Number Ten:
The trial court erred when it proceeded to final hearing without compliance with local rule 26.
 {¶ 6} Defendant's first assignment of error asserts the trial court erred when it denied defendant's request for a continuance at the April 2003 hearing wherein the enforceability of the parties' separation agreement was considered. At the April 2003 hearing, defendant contended he was unprepared to proceed.
 {¶ 7} Whether to grant or deny a continuance rests within the sound discretion of the trial court. State v. Unger (1981), 67 Ohio St.2d 65, 67;State ex rel. Buck v. McCabe (1942), 140 Ohio St. 535, 537. An appellate court should not interfere with the trial court's grant or denial of a continuance unless the trial court's action is plainly erroneous or constitutes a clear abuse of discretion. State ex rel. Buck, at 537; see, also, Unger, at 67.
 {¶ 8} In Unger, the Supreme Court of Ohio instructed:
In evaluating a motion for a continuance, a court should note, interalia: the length of the delay requested; whether other continuances have been requested and received; the inconvenience to litigants, witnesses, opposing counsel and the court; whether the requested delay is for legitimate reasons or whether it is dilatory, purposeful, or contrived; whether the defendant contributed to the circumstance which gives rise to the request for a continuance; and other relevant factors, depending on the unique facts of each case. * * *
Id. at 67-68.
 {¶ 9} Here, in denying defendant's request for a continuance, the trial court found that: (1) the court's order and notice plainly stated the purpose and date of the hearing; (2) defendant is an attorney and therefore it was reasonable to expect that defendant should not be confused by the wording of a court document that is plain on its face; and (3) the court earlier that same day granted defendant a continuance of several hours to allow defendant time to prepare. (Tr. 8-10.)
 {¶ 10} Under these facts and circumstances, we cannot find that the trial court's denial of defendant's request for a continuance was plainly erroneous or constituted a clear abuse of discretion.
 {¶ 11} Defendant further contends, however, that the trial court erred by issuing a scheduling order concerning the April 2003 hearing after defendant filed for Chapter 13 bankruptcy relief and prior to the bankruptcy court's grant of relief from the bankruptcy stay. Therefore, defendant reasons that the trial court's denial of his request for a continuance was error because the trial court lacked authority to issue a scheduling order in the first instance.
 {¶ 12} According to Section 362(a), Title 11, U.S. Code, the filing of a bankruptcy petition stays:
(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title[.]
 {¶ 13} In Wade v. Wade, Morrow App. No. CA-943, 2002-Ohio-5337, the court explained:
The filing of a petition in bankruptcy operates as a stay of certain legal proceedings against the debtor, including enforcement of judgments against him as set forth in Section 362, Title 11, U.S.Code. The automatic stay provision of section 362(a), Title 11, U.S. Code, however, does not automatically stay many of the aspects of a divorce action, such as dissolution of the marriage, child custody issues, spousal support, child support, or an action for the collection of support from property that is not part of the bankruptcy estate. When applied to a divorce action, the automatic stay provision of Section 362(a), Title 11, U.S. Code, is applicable only to the division and award of marital assets and property.
Id. at ¶ 10. (Citations omitted.)
 {¶ 14} Here, the trial court's scheduling order postponed the hearing concerning the parties' separation agreement, which, among other things, dealt with the division and award of marital assets. Thus, the trial court's postponement of the hearing was consistent with the purposes of the automatic stay provision of Section 362, Title 11, U.S.Code.
 {¶ 15} Furthermore, even assuming, arguendo, that the issuance of a scheduling order violated Section 362(a)(1), Title 11, U.S. Code, we find such error is harmless. See Civ.R. 61, which provides:
No error in either the admission or the exclusion of evidence and no error or defect in any ruling or order or in anything done or omitted by the court or by any of the parties is ground for granting a new trial or for setting aside a verdict or for vacating, modifying or otherwise disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice. The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties.
 {¶ 16} Here, the bankruptcy court eventually ordered relief from the Chapter 13 bankruptcy stay for domestic relations purposes. Thus, the trial court's error, if any, did not affect the substantial rights of the parties.
 {¶ 17} Accordingly, defendant's first assignment of error is overruled.
 {¶ 18} Defendant's second assignment of error asserts the trial court's determination that the parties' separation agreement was enforceable was error because there was insufficient evidence to support this determination. Defendant essentially contends the parties' separation agreement and financial affidavits were incomplete and, consequently, the trial court's finding that the separation agreement was fair, just, equitable, and reasonable was erroneous.
 {¶ 19} "The standard for a review of the sufficiency of the evidence in a civil case is similar to the standard for determining whether to sustain a motion for judgment notwithstanding the verdict, which is whether the defendant is entitled to judgment as a matter of law when the evidence is construed most strongly in favor of the prevailing party[.]"Hartford Cas. Ins. Co. v. Easley (1993), 90 Ohio App.3d 525, 530. "In other words, is the verdict one which could reasonably be reached from the evidence?" Id.; see, also, Howard v. Himmelrick, Franklin App. No. 03AP-1034, 2004-Ohio-3309, at ¶ 4. Cf. C.E. Morris Co. v. Foley Constr.Co. (1978), 54 Ohio St.2d 279, syllabus (holding that "[j]udgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence").
 {¶ 20} In its decision, the trial court, in part, concluded:
* * * Defendant has failed to meet his burden of proof to show that there was inadequate financial disclosure prior to the execution of the Separation Agreement. The evidence presented proves that meaningful negotiations took place prior to the execution of the Agreement. Specifically the parties both made notes and interlineations on the original draft of the agreement. Additionally, the Defendant, if not specifically, was generally aware of the parties' financial picture due to the fact that he handled the parties' finances during the marriage. The defendant was aware of the existence of certain assets. If he did not seek further information as to their current value, then he should bear the consequences of that failure.
(July 11, 2003 Decision, at 8.)
 {¶ 21} Based upon our review of the record, we find the trial court's conclusion that defendant failed to meet his burden of proof to show that there was inadequate financial disclosure reasonably could be reached from the evidence and, therefore, the trial court's conclusion was supported by sufficient evidence. Moreover, to the extent that defendant's second assignment of error is construed as asserting that the trial court's conclusion was against the manifest weight of the evidence, we find such a contention is unpersuasive as there is some competent, credible evidence to support the trial court's conclusion. SeeC.E. Morris Co., supra, at syllabus; Seasons Coal Co., Inc. v. Cleveland
(1984), 10 Ohio St.3d 77, 80 (stating that "an appellate court should not substitute its judgment for that of the trial court when there exists * * * competent and credible evidence supporting the findings of fact and conclusions of law rendered by the trial judge").
 {¶ 22} Furthermore, we agree with the trial court's view that this case is factually distinguishable from In re Marriage of Kesler (C.P. 1978), 59 Ohio Misc. 33, wherein the common pleas court found that the wife's isolation from all policymaking in the management of the family's farm, the complexity of the family's economic situation, the wife's hysterectomy, and her nearly complete devotion to the duties of mother and homemaker for a decade devoid of outside employment required independent legal advice to effect a separation agreement free from any undue influence on the part of wife's husband. Id. at 40. Here, defendant, an attorney, proceeded pro se, and defendant admits that he discussed custody and visitation issues with other attorneys. (Tr. 98, 139.) Thus, defendant's contention that he was deprived of competent and independent professional advice is unconvincing.
 {¶ 23} Accordingly, defendant's second assignment of error is overruled.
 {¶ 24} Defendant's third assignment of error asserts the trial court employed an incorrect standard of "duress" in determining the enforceability of the parties' separation agreement because the trial court's determination failed to consider R.C. 3103.05. Defendant contends that during the negotiation of the separation agreement plaintiff took advantage of defendant by means of the confidential spousal relationship and, therefore, due to plaintiff's purported overreaching, defendant did not voluntarily enter into the separation agreement.
 {¶ 25} R.C. 3103.05 provides:
A husband or wife may enter into any engagement or transaction with the other, or with any other person, which either might if unmarried; subject, in transactions between themselves, to the general rules which control the actions of persons occupying confidential relations with each other.
See, also, Ross v. Ohio Citizen's Bank (Mar. 20, 1992), Huron App. No. H-91-14, citing Bechtol v. Ewing (1913), 89 Ohio St. 53, 58 (stating that "[s]ection 3103.05, formerly G.C. 7999, was enacted to remove the common law restrictions on the wife's ability to contract. The statute gave the wife the same freedom to contract that was exercised by the husband")."
 {¶ 26} Under R.C. 3103.06, "[a] husband and wife cannot, by any contract with each other, alter their legal relations, except that they may agree to an immediate separation and make provisions for the support of either of them and their children during the separation." See, also,Ross, supra.
 {¶ 27} This court has previously observed:
A contract between a husband and wife in contemplation of separation, where it is agreed that its provisions will be incorporated into a divorce decree if granted in the future, is binding and enforceable unless declared invalid and unenforceable either by reason of fraud or mistake, or by reason of "the general rules which control the actions of persons occupying confidential relations with each other" as provided by R.C. 3103.05. Nellis v. Nellis (1955), 98 Ohio App. 247, 129 N.E.2d 217
[57 O.O. 281].
Young v. Young (1982), 8 Ohio App.3d 52, 53. See, also, R.C.3105.10(B)(2), which provides:
A separation agreement that was voluntarily entered into by the parties may be enforceable by the court of common pleas upon the motion of either party to the agreement, if the court determines that it would be in the interests of justice and equity to require enforcement of the separation agreement.
 {¶ 28} In Young, this court explained that, when reviewing a trial court's determination about a separation agreement, "[t]he trial court, as finder of the fact, was entitled to weigh the evidence and to determine the credibility of the witnesses. Its findings of fact will not be disturbed by a reviewing court where reasonable men might honestly differ." Id. at 53. See, also, Schneider v. Schneider (1996),110 Ohio App.3d 487, 491, appeal not allowed, 77 Ohio St.3d 1416
(stating that "the decision to enforce a separation agreement is a discretionary one and will not be reversed on appeal absent an abuse of discretion").
 {¶ 29} Here, defendant essentially contends that plaintiff's purported refusal to release dower rights in real property that defendant had contracted to sell and plaintiff's purported demand that defendant sign the parties' separation agreement before agreeing to a release of dower rights constituted overreaching, thereby breaching a mandatory duty to act in good faith based upon the parties' spousal relationship. Due to plaintiff's purported overreaching, defendant therefore reasons the separation agreement between the parties is invalid due to involuntariness, even though defendant seemingly acknowledged before a notary public that his signing of the separation agreement was his voluntary act and deed. (Separation Agreement, at 9.)
 {¶ 30} A separation agreement is a contract. Zamonski v. Wan,
Montgomery App. No. 19392, 2003-Ohio-780, at ¶ 6. The Supreme Court of Ohio has held that "[t]o avoid a contract on the basis of duress, a party must prove coercion by the other party to the contract. It is not enough to show that one assented merely because of difficult circumstances that are not the fault of the other party." Blodgett v. Blodgett (1990),49 Ohio St.3d 243, syllabus.
 {¶ 31} The Blodgett court further observed:
"[`]An examination of the cases * * * makes it clear that three elements are common to all situations where duress has been found to exist. These are: (1) that one side involuntarily accepted the terms of another; (2) that circumstances permitted no other alternative; and (3)that said circumstances were the result of coercive acts of the oppositeparty. * * * The assertion of duress must be proven to have been theresult of the defendant's conduct and not by plaintiff's necessities. * * * [`][.]" Blodgett, at 246, quoting Urban Plumbing Heating Co. v.United States (U.S.Ct. of Claims 1969), 408 F.2d 382, 389-390, 187 Ct.Cl. 15, certiorari denied (1970), 398. U.S. 958, 90 S.Ct. 2164, quoting FruhaufSouthwest Garment Co. v. United States (U.S.Ct. of Claims 1953),111 F.Supp. 945, 951, 126 Ct.Cl. 51. (Emphasis sic.)
 {¶ 32} Here, based upon our review of the evidence, we cannot conclude that the trial court abused its discretion when it concluded that defendant failed to meet his burden of proof to show duress and, as a consequence, that defendant did not involuntarily enter into the separation agreement. Because defendant had contracted to sell a piece of real property, the need to obtain plaintiff's release of dower rights was the result of defendant's necessities and not the result of plaintiff's conduct.
 {¶ 33} Moreover, defendant's attempt to factually distinguishBlodgett is not persuasive. Although Blodgett concerned the concept of duress as applied to a satisfaction of judgment agreement, we find the principles concerning duress as articulated in Blodgett are apposite to a determination of duress as applied to the contract at issue here, namely the parties' separation agreement. See Lakeside Ave. L.P. v. CuyahogaCty. Bd. of Revision (1996), 75 Ohio St.3d 540, 545 (explaining that "Blodgett sets forth the applicable standards for avoiding a contract on the basis of economic duress"). (Emphasis sic.)
 {¶ 34} Accordingly, defendant's third assignment of error is overruled.
 {¶ 35} Defendant's fourth assignment of error asserts the trial court erred when it placed upon defendant the burden of proving the enforceability of the parties' separation agreement.
 {¶ 36} "A separation agreement is a contract, and theories of contract law govern its validity." Zamonski, at ¶ 6.
 {¶ 37} The Eighth District Court of Appeals has stated:
A separation agreement entered into prior to a divorce and otherwise valid on its face, remains enforceable until and unless a court declares it invalid due to fraud in procurement or a breach of a confidential relationship. The burden is upon the party challenging the separation agreement to prove its invalidity, i.e. due to fraud, incompetency, duress, etc. by clear and convincing evidence. * * *
Thiery v. Thiery (Feb. 5, 1987), Cuyahoga App. No. 52077. (Citations omitted.)
 {¶ 38} We agree with the Eighth District's stance in Thiery that the party challenging the separation agreement has the burden to prove the invalidity of the separation agreement. See Fletcher v. Fletcher (1994),68 Ohio St.3d 464, 467 (observing that under traditional contract principles ordinarily the party asserting the invalidity of a contract bears the burden of proving a defense). Cf. Fletcher, at 467 (observing that an antenuptial agreement is a special type of contract, and in derogation of the common law the party claiming the validity of the contract bears the burden of proving full disclosure).
 {¶ 39} Therefore, consonant with traditional contract principles, we conclude the trial court correctly placed upon defendant, as the party challenging the enforceability of the separation agreement, the burden of proving the enforceability of the separation agreement.
 {¶ 40} Accordingly, defendant's fourth assignment of error is overruled.
 {¶ 41} Defendant's fifth and sixth assignments of error assert the trial court erred when it admitted evidence contrary to R.C. 2317.02 and2317.023. Defendant contends the trial court improperly admitted evidence concerning the parties' marital therapy sessions and mediation sessions.
 {¶ 42} "A trial court has broad discretion in the admission and exclusion of evidence. Unless the trial court has clearly abused its discretion, an appellate court should not interfere in its determination." State v. Apanovitch (1987), 33 Ohio St.3d 19, 25; see, also, Krischbaum v. Dillon (1991), 58 Ohio St.3d 58, 66. To find an abuse of discretion, an appellate court must determine whether the trial court's admission or exclusion of evidence was unreasonable, arbitrary, or unconscionable and not merely an error of law or judgment. State v.Cherry (1995), 107 Ohio App.3d 476, 479, citing Blakemore v.Blakemore (1983), 5 Ohio St.3d 217.
 {¶ 43} "[T]o preserve an error for appellate review, Evid.R. 103(A)(1) contemplates that a party will make a timely objection to the admission of evidence and state the specific ground of the objection if it is not otherwise apparent from the context of the testimony." Barnett v.Thornton, Franklin App. No. 01AP-951, 2002-Ohio-3332, at ¶ 20. "In the absence of plain error, a failure to object to evidence presented at trial constitutes a waiver of any challenge on appeal." Id. at ¶ 20, citing State v. Robertson (1993), 90 Ohio App.3d 715, 728, dismissed, jurisdictional motion overruled (1994), 68 Ohio St.3d 1471.
 {¶ 44} Here, defendant failed to call attention to the objectionable evidence at the first instance (Tr. 73-75, 88-89). See, e.g., Jedlickav. Good Mechanical Auto Co. (1984), 21 Ohio App.3d 19, 22 (stating that "[i]f the testimony and exhibit were objectionable, preservation of error calls for an objection at the first instance. A failure thereof bars such issue from review"). Therefore, absent a timely objection, we review defendant's fifth assignment of error under a plain error standard.
 {¶ 45} The Supreme Court of Ohio has held:
In appeals of civil cases, the plain error doctrine is not favored and may be applied only in the extremely rare case involving exceptional circumstances where error, to which no objection was made at the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself.
Goldfuss v. Davidson (1997), 79 Ohio St.3d 116, syllabus.
 {¶ 46} Based upon our review, we cannot conclude that the purported error seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself. Therefore, absent a finding of plain error, defendant's fifth and sixth assignments of error are not persuasive.
 {¶ 47} Accordingly, defendant's fifth and sixth assignments of error are overruled.
 {¶ 48} Defendant's seventh assignment of error asserts the trial court erred when it decided to enforce the parties' separation agreement without considering the best interests of the parties' children.
 {¶ 49} An appellate court cannot reverse a trial court's custody determination in a divorce proceeding absent an abuse of discretion. Rowev. Franklin (1995), 105 Ohio App.3d 176, 181, appeal not allowed,74 Ohio St.3d 1464; Marshall v. Marshall (1997), 117 Ohio App.3d 182,186. An abuse of discretion implies that a trial court's attitude is unreasonable, arbitrary, or unconscionable. Rowe, at 181, citingBlakemore, supra. "`A decision is unreasonable if there is no sound reasoning process that would support that decision.'" Rowe, at 181, quoting AAAA Enterprises, Inc. v. River Place Community UrbanRedevelopment Corp. (1990), 50 Ohio St.3d 157, 161.
 {¶ 50} When determining which parent should have custody of minor children in a divorce proceeding, a trial court is required to consider the best interests of the children. Rowe, at 178-179, citing R.C.3109.04(F). R.C. 3109.04(F)[1] lists the relevant factors in determining the best interests of the child, but these statutory factors are not all-inclusive. Rowe, at 179. See, also, R.C. 3105.21(A).
 {¶ 51} Here, in their separation agreement that the trial court found was enforceable, the parties agreed that plaintiff "shall be designated as the residential parent and legal custodian of the parties' two (2) minor children. Unless otherwise agreed by the parties, Petitioner-Husband shall receive companionship rights with the children pursuant to Franklin County Local Rule 27, a copy of which is attached hereto and incorporated herein as reference." (Separation Agreement, at 2.) The parties further agreed that the separation agreement was fair and equitable and requested that the agreement should be incorporated into a final decree by the trial court. Id. at 8-9. Moreover, according to the record, defendant apparently first raised whether the parties' allocation of parental rights and responsibilities as delineated in their separation agreement was in the children's best interest in his closing argument. (Decision, at 9.)
 {¶ 52} Under these facts and circumstances, we cannot conclude the trial court abused its discretion by awarding legal custody of the parties' children to plaintiff or that there is no sound reasoning process that would support that decision. See, also, Troxel v. Granville (2000),530 U.S. 57, 68, 120 S.Ct. 2054 (observing that there is a presumption that fit parents act in the best interests of their children).
 {¶ 53} Accordingly, defendant's seventh assignment of error is overruled.
 {¶ 54} Defendant's eighth assignment of error asserts the trial court erred when it granted a decree of divorce absent sufficient evidence because the ground for which divorce was granted was not alleged in plaintiff's complaint. Specifically, defendant contends that the trial court erred by granting plaintiff's demand for divorce on the basis of division (J) of R.C. 3105.01 when plaintiff did not allege this as a ground for divorce.
 {¶ 55} R.C. 3105.01(J) provides that a common pleas court may grant a divorce "[o]n application of either party, when husband and wife have, without interruption for one year, lived separate and apart without cohabitation."
 {¶ 56} At the time plaintiff filed her complaint in June 2001, the parties had not lived separately and apart without cohabitation for one year because defendant did not leave the marital residence until March 2001. (Tr. 70, 187.) Thus, because the parties had not lived separately and apart without cohabitation for one year at the time of the filing of the complaint, plaintiff could not allege this as a basis for divorce in her complaint.
 {¶ 57} Civ.R. 15(B), in part, provides: "When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. * * * Failure to amend as provided herein does not affect the result of the trial of these issues."
 {¶ 58} Here, plaintiff did not move to amend her complaint for divorce as provided for by Civ.R. 15. Also, there is no evidence in the record that defendant challenged whether the parties had lived separately and apart without cohabiting for one year. Absent any challenge by defendant, a reasonable inference can be made that defendant impliedly consented to have this issue that was not pleaded in plaintiff's complaint before the trial court.
 {¶ 59} According to the record before us, defendant moved from the marital residence in March 2001. There is nothing in the record to suggest that the parties did not live separately and apart without cohabitation for one year. The record does not contain a transcript of the final hearing and defendant conceded this fact at oral argument. Defendant has not filed an App.R. 9(C) statement in lieu of a transcript of the final hearing. See, generally, App.R. 9(C).
 {¶ 60} "The standard for a review of the sufficiency of the evidence in a civil case is similar to the standard for determining whether to sustain a motion for judgment notwithstanding the verdict, which is whether the defendant is entitled to judgment as a matter of law when the evidence is construed most strongly in favor of the prevailing party[.]"Hartford Cas. Ins. Co., supra, at 530. "In other words, is the verdict one which could reasonably be reached from the evidence?" Id.
 {¶ 61} Construing the evidence in favor of plaintiff, we conclude there is evidence to support the trial court's finding that the parties lived separate and apart without interruption and without cohabitation for a period in excess of one year. Furthermore, in the absence of a transcript of the final hearing or an App.R. 9(C) statement, we cannot conclude the trial court's determination was error.
 {¶ 62} Accordingly, defendant's eighth assignment of error is overruled.
 {¶ 63} Defendant's ninth assignment of error asserts the trial court's granting of a decree of divorce was error because the trial court failed to comply with Civ.R. 75(M). Defendant contends there is no evidence for any possible grounds for divorce and there is no corroborating evidence within the record as required by Civ.R. 75(M).
 {¶ 64} Civ.R. 75(M) provides:
Judgment for divorce, annulment, or legal separation shall not be granted upon the testimony or admission of a party not supported by other credible evidence. No admission shall be received that the court has reason to believe was obtained by fraud, connivance, coercion, or other improper means. The parties, notwithstanding their marital relations, shall be competent to testify in the proceeding to the same extent as other witnesses.
 {¶ 65} Here, both parties testified that defendant left the marital residence in March 2001 (Tr. 70, 187), and there is nothing in the record to suggest that the parties did not live separately and apart without cohabitation for one year. Furthermore, having already concluded in our disposition of defendant's eighth assignment of error that the trial court's judgment was supported by sufficient evidence and in the absence of a transcript of the trial court's final hearing or an App.R. 9(C) statement, we find defendant's ninth assignment of error is unpersuasive.
 {¶ 66} Accordingly, defendant's ninth assignment of error is overruled.
 {¶ 67} Defendant's tenth assignment of error asserts that the trial court violated Loc.R. 26 of the Franklin County Court of Common Pleas, Division of Domestic Relations, when it proceeded to final hearing in the absence of defendant's compliance with Loc.R. 26.
 {¶ 68} Loc.R. 26, in pertinent part, provides:
All parents in divorce, legal separation, or dissolution actions in which there are any minor children shall attend an educational seminar for separating parents sponsored by the court within 45 days before or after the filing of the action or service of process. No action shall proceed to final hearing until there has been compliance with this rule; provided, however, that noncompliance by a parent who enters no appearance and does not contest the action shall not delay the final hearing. This requirement may be waived by the court for good cause shown.
 {¶ 69} Here, the record indicates that plaintiff attended the required educational seminar. Defendant admits that he never attended the required seminar.
 {¶ 70} "[U]nder the invited-error doctrine, `a party will not be permitted to take advantage of an error that he himself invited or induced the trial court to make.'" McCarthy v. Lippitt, 150 Ohio App.3d 367,2002-Ohio-6435, at ¶ 39, quoting State ex rel. Beaver v. Konteh (1998),83 Ohio St.3d 519, 521. See, also, Lester v. Leuck (1943), 142 Ohio St. 91, paragraph one of the syllabus; Dardinger v. Anthem Blue Cross BlueShield, 98 Ohio St.3d 77, 2002-Ohio-7113, at ¶ 125; Goldfuss, supra, at 121 (wherein the Supreme Court of Ohio states that it "[has] long recognized, in civil as well as criminal cases, that failure to timely advise a trial court of possible error, by objection or otherwise, results in waiver of the issue for purposes of appeal"); Koch v. Rist
(2000), 89 Ohio St.3d 250, 256 (Cook, J., dissenting) (stating that "[i]nvited error is a branch of the waiver doctrine that estops a party from seeking to profit from an error that the party invited or induced").
 {¶ 71} By defendant's failure to attend the required education seminar and by defendant's apparent failure to inform the trial court of this omission, we conclude the invited-error doctrine applies to estop defendant from profiting from his own failure to attend the required parenting seminar as required by Loc.R. 26.
 {¶ 72} Accordingly, defendant's tenth assignment of error is overruled.
 {¶ 73} For the foregoing reasons defendant's ten assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, is affirmed.
Judgment affirmed.
Klatt and Sadler, JJ., concur.
[1] R.C. 3109.04 was amended by Sub.S.B. No. 185, effective April 11, 2005. Division (F) was unaffected by Sub.S.B. No. 185.