OPINION
{¶ 1} Defendant-appellant James L. Winkler appeals the September 20, 2004 Judgment Entry of the Tuscarawas County Court of Common Pleas finding him in contempt and ordering him to pay attorney fees to plaintiff-appellee Joann Winkler.
 STATEMENT OF THE FACTS AND CASE {¶ 2} The parties were divorced on May 15, 2003. The Decree of Divorce awarded appellee the marital residence. The real estate was transferred from appellant to appellee by deed recorded on February 20, 2004. Appellant vacated the property on April 4, 2004, and appellee subsequently sold the property without occupying the same.
 {¶ 3} Prior to vacating the property, appellant removed a wood-burning stove located in the basement of the residence. As a result, appellee filed a motion for contempt with the trial court. Following an evidentiary hearing, the magistrate found the wood-burning stove to be a fixture of the property, and further found appellant in contempt for removing the same. The June 8, 2004 Magistrate's Decision ordered appellant return the wood-burner to the property and further ordered appellant pay $500.00 to appellee in attorney fees.
 {¶ 4} Appellant objected to the Magistrate's Decision. Following a hearing, the trial court, via a September 20, 2004 Judgment Entry, upheld the Magistrate's Decision.
 {¶ 5} Appellant now appeals, assigning as error:
 {¶ 6} "I. The decision that the wood burner was a fixture is an abuse of discretion, against the manifest weight of the evidence, and contrary to ohio law.
 {¶ 7} "II. The trial court committed an abuse of discretion in finding appellant in contempt of court for taking the stove and ordering appellant to pay attorney fees. both actions were an abuse of discretion by the trial court.
 {¶ 8} "III. The trial court abused its discretion in ordering appellant to pay attorney fees to appellee.
 I {¶ 9} Appellant's first assignment of error argues the trial court's decision is against the manifest weight of the evidence. Specifically, appellant maintains the trial court incorrectly determined the wood-burning stove was a fixture of the marital residence. Appellant argues there was no physical fixation to the realty allowing the wood-burning stove to become an accessory to the realty; therefore, the magistrate's decision and the trial court's decision are against the manifest weight of the evidence.
 {¶ 10} The standard of review when a party challenges the factual findings of the trier of fact is as follows: "A reviewing court will not disturb the findings of the trier of fact unless they are against the manifest weight of the evidence. State ex rel Shady Acres Nursing Home,Inc. v. Rhodes (1983), 7 Ohio St.3d 7, 455 N.E.2d 489. Where the judgment of the trial court is supported by some competent, credible evidence, it will not be reversed by an appellate court as being against the manifest weight of the evidence. C.E. Morris Co. v. Folley Construction Co.
(1978), 54 Ohio St.2d 279, 376 N.E.2d 578." Durso v. Durso (Dec. 4, 1987), 11th App. No. 3832, 1987 Ohio App. LEXIS 9917, at *6-*7.
The trial court's September 20, 2004 Judgment Entry cites Teaff v.Hewitt (1853), 1 Ohio St. 511, which sets forth a three prong test to determine the status of a chattel affixed to realty: "The true criterion of a fixture is the united application of the following requisites, to wit: 1st. Actual annexation to the realty, or something appurtenant thereto.2d. Application to the use, or purpose, to which that part of the realty with which it is connected, is appropriated.3d. The intention of the party making the annexation, to make a permanent accession to the freehold."
 {¶ 11} Adopting the findings of the magistrate, the trial court held the wood-burning stove was a fixture of the marital home. The Magistrate's Decision had found:
 {¶ 12} "13. The wood-burning stove was not cemented into the wall or bolted to the floor. However, it was made of cast iron and was attached to the chimney through the custom opening in the chimney that was included when the home was built.
* * *
 {¶ 13} "17. James Winkler testified that after he had the chimney fire from the wood-burning stove, that he had a stainless steel insert installed in the chimney inside the flue liner.
 {¶ 14} "18. James Winkler testified that when the parties built this house he also bought a chain saw and a log splitter and subsequently built a lean-to on the barn in which to store the wood for the wood-burner in order to maximize the BTU's available from the wood. The Magistrate finds therefore, that this wood-burner was intended to provide a substantial amount of heat for the home."
 {¶ 15} The magistrate concluded:
 {¶ 16} "1. The parties may be found in contempt for failure to obey a prior Order of the Court O.R.C. 2705.02 and O.R.C. 2705.031.
 {¶ 17} "2. A fixture is an article which was chattel, but which by being physically affixed to the realty became an accessory to it and part and parcel of it. Teaf vs. Hewitt (1850) 1 Ohio. St. 511 at 527.
 {¶ 18} "3. The true criterion of a fixture is the united application of the following requisites. To wit first, actual annexation to the realty or something appurtenant thereto. Second: application to the use or purpose to which that part of the realty with which it is connected, is appropriated. Third; the intention of the party making the annexation to make it permanent accession to the `freehold.' Teaff vs. Hewitt
(1853), 1 Ohio. St. 511 at 527."
 {¶ 19} The trial court found the wood-burning stove was intended as a major heating source for the home, and the chimney of the home was built to accommodate the wood-burner. Based upon these findings, the trial court determined the stove was a fixture of the marital residence. Upon review, the trial court's decision was supported by competent credible evidence, and was not against the manifest weight of the evidence.
 {¶ 20} The first assignment of error is overruled.
 II, III {¶ 21} Appellant's second and third assignments of error raise common and interrelated issues; therefore, we will address the assignments together.
 {¶ 22} Appellant maintains the trial court abused its discretion in finding him in contempt for taking the stove. Appellant further maintains the trial court abused its discretion in ordering him to pay appellee attorney fees.
 {¶ 23} We will not reverse the trial court's decision absent an abuse of discretion. See State v. Weaver (1988), 38 Ohio St.3d 160,527 N.E.2d 805, syllabus. In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140.
 {¶ 24} Upon review, appellant was afforded ample opportunity to return the wood-burner, and failed to do so. Further, in his refusal, appellant caused appellee to incur additional attorney fees. Therefore, based upon the above and our disposition of the first assignment of error, appellant's second and third assignments of error are overruled
 {¶ 25} The September 20, 2004 Judgment Entry of the Tuscarawas County Court of Common Pleas is affirmed.
Hoffman, P.J., Farmer, J. and Wise, J. concu.r
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the September 20, 2004 Judgment Entry of the Tuscarawas County Court of Common Pleas is affirmed. Costs assessed to appellant.