COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| SUSAN GANZ | JUDGES:<br>Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellant | Hon. Sheila G. Farmer, J.<br>Hon. John W. Wise, J. |
| -vs- | |
| THOMAS GANZ | Case No. 2011AP070028 |
| Defendant-Appellee | O P I N I O N |

CHARACTER OF PROCEEDING:    Appeal from the Court of Common
Pleas, Case No. 2010TM020094

JUDGMENT:    Affirmed

DATE OF JUDGMENT:    February 9, 2012

APPEARANCES:

For Plaintiff-Appellant

JOSEPH I. TRIPODI
114 East High Avenue
New Philadelphia, OH 44663

For Defendant-Appellee

J. KEVIN LUNDHOLM
405 Chauncey Avenue, NW
P.O. Box 668
New Philadelphia, OH 44663

*Farmer, J.*

{¶1} On June 18, 1991, appellant, Susan Ganz, and appellee, Thomas Ganz, were married.  On February 25, 2010, appellant filed a complaint for divorce.  A hearing before a magistrate was held on November 4, 2010.  By decision filed January 27, 2011, the magistrate recommended a division of assets which included the parties' retirement benefits.  Appellee filed objections.  A hearing was held on May 23, 2011.  By judgment entry filed June 23, 2011, the trial court granted in part the objections pertaining to the division of the retirement benefits.  A final order was filed on June 29, 2011.

{¶2} Appellant filed an appeal on July 5, 2011 and assigned the following errors:

I

{¶3} "THE TRIAL COURT ABUSED ITS DISCRETION IN ITS CALCULATION OF THE APPELLEE'S MARITAL PORTION OF HIS PRUDENTIAL ANNUITY AND APPELLEE'S OTHER RETIREMENT ACCOUNTS CAUSING APPELLANT TO LOSE THE BENEFIT OF R.C. 3105.171(A), 3(a), (i), AND R.C. 3105.171(B)."

II

{¶4} "THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT 'DIVIDED' APPELLANT'S SOCIAL SECURITY BENEFIT AS PART OF ITS ORDER OF PROPERTY DISTRIBUTION IN CONTRAVENTION OF R.C. 3105.171(B) AND R.C. 3105.171(F)(9)."

{¶5} Appellee filed a cross-appeal on July 22, 2011 and assigned the following error:

CROSS-ASSIGNMENT OF ERROR I

{¶6} "THE TRIAL COURT ABUSED ITS DISCRETION IN NOT ALLOWING APPELLEE TO PURCHASE THE MARITAL HOME AT THE FAIR MARKET VALUE."

I

{¶7} Appellant claims the trial court abused its discretion in calculating the marital portion of appellee's retirement accounts. We disagree.

{¶8} In her decision filed January 27, 2011, the magistrate found the following in pertinent part relevant to retirement benefits:

{¶9} "10. Susan Ganz has an IRA with a fair market value of approximately $46,684.93, all of which is marital. She consents to the value of her IRA being offset against the value of Thomas Ganz's pension.

{¶10} "11. Thomas Ganz retired in July of 2006. When he retired, he took a lump sum benefit and put it all in the Prudential account. His 401K also was deposited into the Prudential account.***The marital value of that account, according to Pension Evaluators' letter of 12/21/10, is $310,556.85.***

{¶11} "12. As of the date of hearing, Susan Ganz had approximately $11,000.00 left of her lump sum Social Security Disability remaining. She argues that the Social Security Disability benefit is separate property. The Magistrate finds that as it is to replace lost wages, it is marital property.

{¶12} "13. The total combined marital retirement benefits of the parties is $357,241.78."

{¶13} The magistrate recommended the following division of the parties' retirement benefits:

{¶14} "7. The combined marital portion of the retirement benefits should be divided equally.  Each party is entitled to $178,620.89.  Susan Ganz should retain all of her IRA, plus the remaining $11,000.00 of the lump sum Social Security Disability benefit.  These amounts total $57,684.93.  The balance owed to her should be paid in a lump sum from the Prudential account.***"

{¶15} In its June 23, 2011 judgment entry granting appellee's objections in part, the trial court found the following:

{¶16} "**FINDS** that upon review of the record and the transcript of the 11/4/2010 hearing before the Magistrate, at the time of the hearing Thomas Ganz's Prudential Retirement Annuity was worth approximately $313,572.40.  According to Pension Evaluators' letter of 12/21/2010, 64.2670% of the value of that account is marital property.  Therefore, the marital value of the Prudential Account at the time of the hearing was approximately $201,523.57."

{¶17} The trial court then concluded the following:

{¶18} "**ORDERED** that **Recommendation No. 7** shall be **rejected**.  The combined marital portion of the retirement benefits and the remaining Social Security Disability benefit shall be divided equally.  Each party is entitled to $129,604.25.  Susan Ganz shall retain all of her IRA, plus the remaining $11,000.00 of the lump sum Social Security Disability benefit.  These amounts total $57,684.93.  The balance owed to her in the amount of $71,919.32 should be paid in a lump sum from the Prudential account.***"

{¶19} Appellant argues the trial court miscalculated the combined marital portion of appellee's retirement benefits and then improperly reduced it, in effect giving appellee a double deduction.

{¶20} During the November 4, 2010 magistrate's hearing, the parties agreed they would all benefit from an evaluation of appellee's 401K by Pension Evaluators. T. at 155-156. Pension Evaluators submitted an evaluation on December 21, 2010. See, Appendix One, Appellant's Reply brief filed October 25, 2011. Pension Evaluators determined the total value of the retirement funds (lump sum and 401K) at the time of appellee's retirement in 2006 to be worth $483,229.19. Pension Evaluators determined the marital portion of the 2006 amount to be 64.267% or $310,556.85. However, by the time of the magistrate's hearing, the total retirement funds in the Prudential account equaled $313,572.40. See, Defendant's Exhibit F. The trial court took this figure and applied the 64.267% and determined appellee's marital portion of the remaining retirement funds to be $201,523.57 as opposed to the magistrate's $310,556.85.

{¶21} We agree with the trial court's calculations regarding appellee's retirement funds. Appellant was not entitled to benefit from the 2006 amounts, as the retirement funds were reduced by expenditures for living expenses during the marriage (2006-2010) and market performance.

{¶22} Upon review, we find the trial court did not abuse its discretion in calculating the marital portion of appellee's retirement funds.

{¶23} Assignment of Error I is denied.

II

{¶24} Appellant claims the trial court abused its discretion in dividing her social security benefit as part of the property distribution in violation of R.C. 3105.171. We disagree.

{¶25} As cited supra, the trial court determined appellant's "remaining Social Security Disability benefit [$11,000.00] should be divided equally." See, Judgment Entry filed June 23, 2011.

{¶26} Appellant argues the trial court erred in dividing the remaining social security disability benefit in violation of R.C. 3105.171(B) and (F)(9) which excludes social security benefits unless one of the parties has accumulated a public pension. Neither party in this case has accumulated a public pension.

{¶27} Appellant testified the $35,983.00 lump sum award she received from social security was for disability. T. at 18-19; Plaintiff's Exhibit 3. She agreed the award was to replace the income she was unable to earn during the time of her disability which was during the marriage. T. at 53. Appellant's social security disability payment was in lieu of wages she would have earned during the marriage and therefore constitutes marital property. *Henderhan v. Henderhan,* Stark App. No. 2001CA00330, 2002-Ohio-2674.

{¶28} Upon review, we find the trial court did not abuse its discretion in dividing appellant's social security disability award.

{¶29} Assignment of Error II is denied.

CROSS-ASSIGNMENT OF ERROR I

**{¶30}** Appellee claims the trial court erred in not allowing him to purchase the marital home at the fair market value.

**{¶31}** By stipulation filed with this court on January 19, 2012, the parties agreed that appellee "shall be given 30 days to refinance the marital home into his name only, removing Appellant Susan Ganz from any liability on the current loan. Susan Ganz agrees to cooperate in the refinancing process, including signing a Quit Claim Deed to Thomas Ganz."

**{¶32}** Based upon this stipulation, this cross-assignment of error is denied.

**{¶33}** The judgment of the Court of Common Pleas of Tuscarawas County, Ohio is hereby affirmed.

By Farmer, J.

Hoffman, P.J. and

Wise, J. concur.

_s/ Sheila G. Farmer_____

_s/ William B. Hoffman_____

s/ John W. Wise_____

JUDGES

SGF/db 0124

[Cite as *Ganz v. Ganz*, 2012-Ohio-510.]

IN THE COURT OF APPEALS FOR TUSCARAWAS COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| SUSAN GANZ | : | |
| | : | |
| Plaintiff-Appellant | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| THOMAS GANZ | : | |
| | : | |
| Defendant-Appellee | : | CASE NO. 2011AP070028 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Tuscarawas County, Ohio is affirmed. Costs to appellant.

s/ Sheila G. Farmer_____

_s/ William B. Hoffman_____

_s/ John W. Wise_____

JUDGES