[Cite as *Rainer v. Rainer*, 2012-Ohio-6268.]

STATE OF OHIO, NOBLE COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| KATHY RAINER | ) | CASE NO. 11 NO 383 |
| | ) | |
| PLAINTIFF-APPELLEE | ) | |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| RANDALL RAINER | ) | |
| | ) | |
| DEFENDANT-APPELLANT | ) | |

CHARACTER OF PROCEEDINGS:     Civil Appeal from the Court of Common
Pleas of Noble County, Ohio
Case No. 209-0159

JUDGMENT:     Affirmed.

APPEARANCES:

For Plaintiff-Appellee:     Atty. Cole J. Gerstner
Gottlieb, Johnston, Beam &
 Dal Pointe, P.L.L.
320 Main Street
P.O. Box 190
Zanesville, Ohio  43702-0190

For Defendant-Appellant:     Atty. Michael D. Buell
Buell & Sipe Co., LPA
322 Third Street
Marietta, Ohio  45750

JUDGES:

Hon. Cheryl L. Waite
Hon. Gene Donofrio
Hon. Joseph J. Vukovich

Dated:  December 19, 2012

WAITE, P.J.

{¶1} Appellant Randall M. Rainer appeals his divorce decree issued by the Noble County Court of Common Pleas. In his appeal he challenges the court's decision not to fully adopt the parties "do-it-yourself" dissolution and separation agreement, and also alleges error with the division of marital property. Appellant contends that the trial judge was required to accept the separation agreement negotiated by the parties. Appellant is incorrect. First, under R.C. 3105.10(B)(2), the court has the discretion of adopting a negotiated separation agreement if, in the court's opinion, "it would be in the interests of justice and equity". The court decided this agreement was not equitable. Second, the self-prepared agreement clearly stated that it must be "adjudicated to be fair, just, and proper." The court decided that it was not fair, just and proper. (10/13/09 Separation Agreement, p. 4.) The agreement failed to address distribution of the parties' real estate, it did not provide for spousal support, and Appellee Kathy Rainer was under duress when she signed it due to threats made by Appellant. Appellant's second argument is that the trial court failed to properly divide the marital property. The record does not reflect any error in the division of the specific marital assets discussed by Appellant. The judgment of the trial court is affirmed.

{¶2} The parties were married on December 5, 1977. They filed for a dissolution on October 13, 2009. On November 23, 2009, Appellee filed a motion to convert the dissolution to a divorce pursuant to R.C. 3105.65. Appellee had previously alleged that she was coerced into signing the separation agreement attached to the petition for dissolution. (11/23/09 Motion.) The final divorce hearing

was held on October 4, 2010. On March 22, 2011, the court filed its findings of fact and conclusions of law. Appellant filed an appeal of this non-final order on April 21, 2011. The court filed a nunc pro tunc entry of its findings of fact and conclusions of law on April 26, 2011. The court then filed its final judgment and decree of divorce on May 2, 2011. Appellant filed a timely appeal of this final order on May 6, 2011.

<u>ASSIGNMENT OF ERROR NO. 1</u>

THE TRIAL COURT ERRED WHEN IT DID NOT ADOPT THE TERMS OF THE SEPARATION AGREEMENT.

**{¶3}** Appellant believes that the trial court should have accepted at face value the separation agreement that was attached to the parties' original dissolution petition, and should have incorporated it, as a whole, into the divorce decree. Appellant raises four arguments on appeal as to why he believes the trial court was forced to accept the agreement.

**{¶4}** Appellant is fundamentally mistaken regarding the authority of the trial court as it pertains to separation agreements. Pursuant to R.C. 3105.10(B)(2), the court has the discretion of adopting a negotiated separation agreement. Pursuant to R.C. 3105.10(B)(2), the court is not required to adopt any such agreement:

> (2) A separation agreement that was voluntarily entered into by the parties *may be enforceable* by the court of common pleas upon the motion of either party to the agreement, *if the court determines that it would be in the interests of justice and equity* to require enforcement of the separation agreement. (Emphasis added.)

**{¶5}** Appellant is convinced that the court does not have this discretion and is forced to accept a separation agreement filed in a divorce decree. Appellant seems to be relying on caselaw that refers to the enforcement of separation agreements after they have been incorporated into the divorce decree. In this case, the parties filled out a boilerplate form (apparently without the help of an attorney), and then attached it to a dissolution petition. The dissolution was later converted to a divorce petition by Appellee for the reason that Appellant had forced her to agree to a dissolution and forced her to sign the separation agreement. Appellant then tried to convince the trial court to accept this "agreement" as binding, even though Appellee insisted she did not agree to it. The trial court correctly rejected Appellant's argument, since the alleged agreement was not, in the first instance, an agreement. Appellant makes essentially the same argument on appeal. R.C. 3105.10(B)(2) clearly grants the court the discretion to accept or reject a separation agreement prior to an order granting divorce. The trial court did not find the agreement to be equitable and just, did not adopt it, and it is not enforceable in this case.

**{¶6}** The do-it-yourself agreement itself stated that it must be "adjudicated to be fair, just, and proper." Hence, the court decided that it was not fair, just and proper. It appears that the very wording of the boilerplate form refutes Appellant's argument.

**{¶7}** Additionally, "in a divorce action a trial court may reject some of the terms of a separation agreement, make an independent ruling on those issues and incorporate the independent ruling and partial separation agreement into the divorce

decree." *Kaser v. Kaser*, 9th Dist. No. 2110, 1992 WL 281337, *3 (Oct. 7, 1992). The court does appear to refer to and rely on various parts of the "agreement" in forming its judgment while rejecting other parts of the document, and it was within the discretion of the court to do so.

**{¶8}** Appellant contends that Appellee was not under duress when she signed the agreement and that the court should not have used duress as a reason to reject the agreement. Appellant appears to concede that "[a] separation agreement that is the product of duress will be held to be unenforceable." *Quebodeaux v. Quebodeaux*, 102 Ohio App.3d 502, 505, 657 N.E.2d 539 (9th Dist.1995). Whether or not duress was involved was a factual matter for the trier of fact to determine. A trial court's findings in a divorce case will not be reversed if the record contains competent credible evidence to support the findings. *Eggeman v. Eggeman*, 3d Dist. No. 2-04-06, 2004-Ohio-6050, ¶14; *Winkler v. Winkler*, 5th Dist. No.2004AP 100065, 2005-Ohio-1473, ¶10. The court made the finding that Appellant threatened Appellee into signing the agreement, and came to the legal conclusion that the agreement was not fair, just and proper. (4/26/11 Findings of Fact, number 12; Conclusions of Law, No. 3). The record supports the court's finding, and the ultimate conclusion not to incorporate the entire separation agreement in the divorce decree was well within the court's discretion. Thus, there is no error in the manner in which the court treated the separation agreement, and Appellant's first assignment of error is overruled.

ASSIGNMENT OF ERROR NO. 2

THE TRIAL COURT ABUSED ITS DISCRETION IN ITS DISTRIBUTION OF THE MARITAL PROPERTY.

{¶9} In this assignment of error, Appellant attacks specific items that were part of the division of marital property or that were allegedly excluded from the division of marital property. The standard of review in decisions involving the division of marital property is that the trial court's decision will not be reversed absent an abuse of discretion. *Cherry v. Cherry*, 66 Ohio St.2d 348, 355, 421 N.E.2d 1293 (1981). An abuse of discretion implies a decision that is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶10} The final hearing date is normally the date used to determine valuations of marital property. *Ganz v. Ganz*, 5th Dist. No. 2011AP070028, 2012-Ohio-510; *Burke v. Burke*, 2d Dist. No. 2011-CA-2, 2011-Ohio-3723. Each disputed item will be reviewed in turn.

{¶11} Appellant contends that Appellee withdrew $29,000 from her 401(k) retirement account and spent it, and that the trial court should have included that as an asset on her side of the ledger when dividing the marital assets. Appellant has basically accused Appellee of dissipating marital assets, since the alleged asset was not actually in existence at the time of the final divorce hearing. R.C. 3105.171(E)(4) allows a court to adjust the division of marital property to take into account financial misconduct by either party: "(4) If a spouse has engaged in financial misconduct, including, but not limited to, the dissipation, destruction, concealment, nondisclosure,

or fraudulent disposition of assets, the court may compensate the offended spouse with a distributive award or with a greater award of marital property." An appellate court will not disturb a trial court's rulings regarding financial misconduct, in the context of the division of marital property, absent an abuse of discretion. *Carpenter v. Carpenter*, 7th Dist. No. 06-NO-331, 2007-Ohio-1238, ¶14, citing *Berish v. Berish*, 69 Ohio St.2d 318, 319, 432 N.E.2d 183 (1982).

**{¶12}** Appellant also contends that the trial court did not consider the 401(k) account at all when it divided the marital assets. This is incorrect, as the 401(k) account is specifically discussed in the court's findings of facts. Appellant further argues that this account had $29,000 in it at the time the parties separated and that the full $29,000 should be treated as a marital asset. The trial court valued the withdrawal as $20,399.95, after taking into account penalties and taxes. This amount, according to the court's judgment entry, was withdrawn before the parties filed for divorce. As mentioned earlier, marital assets are generally calculated as of the date of the final hearing. If the asset did not exist on the hearing date, it would not be part of the division of marital property. Once again, whether Appellee dissipated these funds was a question for the trial court to resolve and the court did not make this finding.

**{¶13}** The court noted that Appellee used the money for living expenses. The court also noted that Appellant made a withdrawal from his own 401(k) in the amount of $10,000 on November 9, 2009. The court did not determine what Appellant did with this money. The court left both of these amounts out of the final calculation

because the money did not exist as an asset at the time of the final hearing. The court could have adjusted the division of marital property based on a finding of financial misconduct by either or both parties, under R.C. 3105.171(E)(4), but the court did not chose to make such a determination. There is no error in the trial court excluding an asset from a division of marital assets that did not exist as of the date these assets were being determined.

{¶14} Appellant next contends that the court did not consider his payment of a past due cable television bill of $187. The reference to the record found in Appellant's brief does not discuss this payment. Appellant has failed to raise any error the court may have made regarding this expense.

{¶15} Appellant also argues that the court should have considered a payment of a Discover Card bill of $4,147.66. The balance sheet attached to the court's findings of facts lists Discover Card debt of $7,413, and this amount was part of the division of marital assets or debts. Therefore, the record reflects that the court did consider the Discover Card debt and it was allocated.

{¶16} Appellant contends that the court did not consider past due mortgage debt of $668.47. The reference to the record contained in Appellant's brief does not refer to this payment or attempt to explain it in any way. Appellant has failed to cite to any error on the part of the court regarding the expense.

{¶17} Appellant claims that Appellee also squandered at least $14,300 that was in a bank account containing tax refunds money. The record shows that the money had already been spent "just around the time you two decided to go your

separate ways". (10/4/10 Tr., p. 48.) Appellant tried to argue at the hearing that the divorce itself was precipitated by the missing money from that account, but apparently the court was not convinced by the argument. Since the money was not in the account at the time that divorce proceedings began or at the time of the final hearing, there was no marital asset for the court to divide and no error in the court's failure to include it as part of the marital assets.

{¶18} Appellant has not established any error in the division of marital assets, and therefore, this assignment of error is overruled.

{¶19} In conclusion, Appellant has not established any error in the court's decision to reject the self-prepared separation agreement that the parties signed. The court has the discretion to reject a separation agreement if it is unjust or inequitable, and the court determined the agreement was inequitable. In addition, Appellant has not established any error in the division of marital property. The items that Appellant contends should have been divided differently are either not supported by the record or were not in existence on the final hearing date. Appellant is essentially arguing that the court should have found that Appellee committed financial misconduct by dissipating assets, but there is no abuse of discretion indicated in the record by the court's decision not to make such a finding. The judgment of the trial court is affirmed.

Donofrio, J., concurs.

Vukovich, J., concurs.